UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------

Apple & Eve, LLC,
                    Plaintiff,

                                                    **DECLARATION OF MR. LIU YUWU**

– against –

Yantai North Andre Juice Co., Ltd.,
                    Defendant

-----------------------------------------------

I, Liu Yuwu, being duly sworn, depose and state as follows:

## I.    Introduction

### A.    *Qualifications*

1.    I am an attorney at the law firm of King & Wood PRC Lawyers, 31/F Tower A, Jianwai SOHO, 39 Dongsanhuan Zhonglu, Chaoyang District, Beijing 100022, China.

2.    I specialize in international litigation and arbitration and have extensive experience in these areas for more than ten years. Before joining King & Wood PRC Lawyers in 2006, I was a director of the Secretariat of the China International Economic and Trade Arbitration Commission ("CIETAC") and had worked there since 1995, responsible for case registration, management of arbitral proceedings, drafting jurisdictional decisions, and etc.

3.    I am listed in the panels of arbitrators of CIETAC and Beijing Arbitration Commission. Since 2003, I have made awards for nearly 50 cases as presiding arbitrator, sole arbitrator or co-arbitrator. I am also a council member of CIETAC Expert Advisory Board, member of the Chartered Institute of Arbitrators,

mediator of China Chamber of International Commerce Conciliation Center, specialist of CIETAC Domain Name Dispute Resolution Center and council member of Beijing Academy of Environmental Law.

4. I obtained my LLB degree from Renmin University of China and LLM degree from University of International Business and Economics. I passed the Chinese Bar Examination in 1995.

5. My detailed CV is attached at "<u>Appendix A</u>" of this affidavit.

**B.  *Instructions***

6. I was instructed by the Apple & Eve, LLC ("**Apple & Eve**" or "**Plaintiff**"), via their US counsel, Moses & Singer LLP, to review arbitration clauses contained in two contracts entered into by and between Apple & Eve and Yantai North Andre Juice Co., Ltd. ("**Yantai**" or "**Defendant**") on or about 16 June 2004, and to give this affidavit as to whether these arbitration clauses are valid and enforceable under the laws of the People's Republic of China (the "**PRC**").

7. In arriving at this affidavit, I have examined and relied on copies of the following documents provided by Apple & Eve via their US counsel:

- Apple & Eve's Complaint and the attached contracts entered into by and between Apple & Eve as the Buyers and Yantai as the Sellers on 16 June 2004 (the "**Contracts**");

- Yantai's Notice of Motion to Compel Arbitration dated 26 February 2007 and signed by Yantai's counsel, AKIN GUMP STRAUSS HAUER & FELD, LLP;

- Affidavit of Peter Guirguis in support of Defendant's Motion to Compel Arbitration dated 26 February 2007; and

- Memorandum of Law in support of Defendant's Motion to Compel Arbitration dated 26 February 2007.

## II.  Summary of facts

8. Apple & Eve is a Delaware limited liability company with a principal place of

business located at 2 Seaview Boulevard, Port Washington, New York 11050, in the County of Nassau, New York. Apple & Eve is in the business of producing and distributing juice beverages. Apples & Eve purchases apple juice concentrate from Defendant Yantai.

9. Yantai is a corporation organized under the laws of the PRC, with a principal place of business located at 18 Andre St., Muping Economic & Technical Development Zone, Yantai, Shandong, China 264100.

10. On or about 16 June 2004, Apple & Eve entered into the Contracts with Yantai for the purchase of medium and low acidity pure apple juice concentrate for the years of 2004/2005 (Year 1), 2005/2006 (Year 2) and 2006/2007 (Year 3).

11. As a dispute arose regarding the Contracts and the parties failed to settle by negotiation, Apple & Eve instituted an action in the Supreme Court of the State of New York, County of Nassau on or about 5 December 2006.

12. On or about 26 February 2007, Yantai filed a Notice of Motion to Compel Arbitration on the basis that Apple & Eve's resort to state court was in breach of Paragraph 16 of the Contracts, which states:

> "(16) Arbitration: Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by negotiation between two parties. If no settlement can be reached, the case in dispute shall then be submitted or arbitration in the country of defendant in accordance with the arbitration regulations of the arbitration organization of the defendant country. The decision made by the arbitration organization shall be taken as final and binding upon both parties. The arbitration expenses shall be borne by the losing party unless otherwise awarded by the arbitration organization."

13. To support Yantai's motion to compel arbitration, their counsel contends that the above arbitration clause "obligates plaintiff to bring its claim in arbitration 'in the country of the defendant', which is China." "The parties should have no problem agreeing upon the arbitration organization of China, which Yantai submits is the China International Economic and Trade Arbitration Commission ('CIETAC')." "If there needs to be a dialogue between the parties on the proper arbitration association in China, it would be consistent with the provision of paragraph 16 of

the Contracts that the parties first attempt to settle by negotiation 'any controversy or claim arising out of relating to the contract or the breach thereof'." "Should there remain disagreement regarding the proper arbitral body in China, it can be decided by either the Chinese Courts or CIETAC."

14. I was invited to review the above arbitration clause in the Contracts and to give my opinion on the validity of the arbitration clause under the laws of the PRC.

15. For the reasons stated below, I am convinced that the arbitration clause in the Contracts is invalid under the laws of the PRC, and, if Yantai's motion to compel arbitration in China was granted by the United States court, the arbitration clause could not be a valid legal basis for Apple & Eve to commence arbitration inside China.

## III.   The arbitration clause in the Contracts is null and void, inoperative and incapable of being performed under the laws of the PRC.

### A.   Invalidity of an arbitration agreement is an exception for compelling arbitration under the New York Convention.

16. I note that there is a strong federal policy in the United States favoring arbitration as an alternative means of dispute resolution. In addition, I agree with Yantai's counsel that the arbitration clause in the Contracts is subject to the *Convention on the Recognition and Enforcement of Foreign Arbitral Awards* (New York, 10 June 1958) (the "New York Convention"), to which both China and the United States are signatories.

17. Article II.3 of the New York Convention provides:

> "The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, at the request of one of the parties, refer the parties to arbitration, <u>unless it finds that the said agreement is null and void, inoperative or incapable of being performed.</u>"(Emphasis added)

18. According to the above provision, there is an exception for a national court to compel the parties to arbitration, i.e. when the arbitration agreement is null and

void, inoperative or incapable of being performed.

19. Hence, for the United States court to grant Yantai's motion to compel arbitration, the first issue the court must decide is whether the arbitration clause in the Contracts is null and void, inoperative or incapable of being performed.

**B.   *The laws of the PRC shall apply for the determination of the validity of the arbitration clause in the Contracts.***

20. A preliminary issue will arise when deciding whether the arbitration clause in the Contracts is null and void, inoperative or incapable of being performed: Which country's law should apply for the determination of the validity of the arbitration clause?

21. The answer to this issue may be found in Article V.1 (a) of the New York Convention, which provides that recognition and enforcement of the award may be refused if:

> "*The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made;*" (Emphasis added)

22. According to the above, the applicable law for the determination of the validity of an arbitration clause should be: (1) the law to which the parties have agreed to subject it; or (2) the law of the country where the award was made, namely, the law of the place of the arbitration.

23. This rule is also adopted in Article 16 of the *Interpretation of the PRC Supreme People's Court on Certain Issues Relating to the Application of the Arbitration Law of the People's Republic of China* (Fa Shi [2006] No.7) (Adopted on 26 December 2005, effective as of 8 September 2006 and relevant provisions attached as "Appendix C") ("**Interpretation of the Arbitration Law**")[1], which states:

---

[1] Under the laws of the PRC, judicial interpretations, replies, opinions and leading cases of the PRC Supreme People's Court, the highest court in China, are to be followed by lower level courts.

*"Regarding the examination of the validity of any arbitration agreement involving foreign interests, the laws agreed by the parties shall be applied. <u>Where the parties have not reached an agreement on the applicable law but have agreed on the place of arbitration, the laws of the place of arbitration shall be applied.</u> Where neither the applicable law nor the place of arbitration has been agreed upon, or agreement on the place of arbitration is unclear, the law of the place where the court is located shall be applied." (Emphasis added)*

24. In the case at bar, the parties did not agree on the applicable law for the Contracts and/or the arbitration agreement. However, the arbitration clause in the Contracts provides for arbitration "in the country of the defendant". As the defendant in this case is Yantai, which is located in the mainland China, the laws of the PRC should be applied for the determination of the validity of the arbitration clause in the Contracts.

## C.  A valid arbitration agreement must contain a designated arbitral institution under the laws of the PRC.

25. A striking feature of the Chinese arbitration law is that *ad hoc* arbitration is not allowed to take place inside China, although the parties may choose *ad hoc* arbitration in other countries and then enforce the award inside China according to the New York Convention.

26. Article 16 of the *Arbitration Law of the People's Republic of China* (Promulgated on 31 August 1994, effective as of 1 September 1995 and attached as "<u>Appendix B</u>") (the "**PRC Arbitration Law**") provides:

*"An arbitration agreement shall include the arbitration clauses stipulated in the contract and agreements of submission to arbitration that are concluded in other written forms before or after disputes arise.*

*An arbitration agreement shall contain the following particulars:*

*(1) an expression of intention to apply for arbitration;*

*(2) matters for arbitration; and*

(3) *a designated arbitration commission.*" *(Emphasis added)*

27.  Article 18 of the PRC Arbitration Law further provides:

> "*If an arbitration agreement contains no or unclear provisions concerning the matters for arbitration or the arbitration commission, the parties may reach a supplementary agreement. If no such supplementary agreement can be reached, the arbitration agreement shall be null and void.*"

28.  Thus, if the parties intend to settle a dispute by arbitration inside China, a designated arbitration commission (i.e. an arbitration institution) must be contained in the arbitration agreement or a supplementary agreement must be reached on the arbitration institution. If the parties fail to specify an arbitration institution in the arbitration agreement and no supplementary agreement can be reached, the arbitration agreement shall be null and void.

29.  Of course, Chinese law does not require that the name of the designated arbitration institution must be one hundred percent exact. It will be sufficient if the arbitration institution can be determined by reasonable interpretation of the arbitration agreement.

30.  For example, for such an arbitration clause as that contained in the contract in *Hart Enterprises International, Inc. v. Anhui Provincial Import & Export Corp.*, 888 F. Supp. 587 (S.D.N.Y 1995), which provides for arbitration by "the Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade"[2], the clause is valid and the arbitration institution shall be CIETAC under Chinese law.

31.  Pursuant to Article 6 of the Interpretation of the Arbitration Law, where an arbitration agreement stipulates that arbitration shall be conducted by an arbitration institution located at a certain locality and there is only one arbitration institution in that locality, such arbitration institution shall be the arbitration institution designated. However, if there are two or more arbitration institutions in that locality, the parties may select one arbitration institution by reaching an agreement and refer their case to the arbitration institution so selected. If the parties fail to reach any consensus on the selection of an arbitration institution, the

---

[2] When CIETAC was set up in 1956, it was known as the Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade.

arbitration agreement shall be considered to be invalid.

D.   *The PRC Supreme People's Court has held many similar arbitration clauses to be invalid on the basis that there was no designated arbitration commission.*

(i)   <u>Yixuan (Quanzhou) Light Industry Co., Ltd. v. Ju Anqin</u>

32.   In *Yixuan (Quanzhou) Light Industry Co., Ltd. v. Ju Anqin*, the arbitration clause provides:

> *"All disputes that arise relating to this contract should be resolved through friendly consultation and, if consultation is unsuccessful, can be arbitrated in China."*

33.   This arbitration clause was held to be invalid by the PRC Supreme People's Court, which replied:

> *"Article 16 of the 'Arbitration Law of the People's Republic of China' provides that an arbitration committee should have been chosen in the arbitration agreement; Article 18 explicitly states: 'If an arbitration agreement contains no or unclear provisions concerning the matters for arbitration or the arbitration commission, the parties may reach a supplementary agreement. If no such supplementary agreement can be reached, the arbitration agreement shall be null and void.' The arbitration clause in the contract signed by the parties to this case does not establish an arbitration committee and moreover they have been unable to reach a supplementary agreement; therefore based on the abovementioned regulations this arbitration clause should be held invalid."*

34.   The reply of the PRC Supreme People's Court in this case and an English translation are attached as "<u>Appendix D</u>".

(ii)   <u>Sinochem International Oil (Bahamas) Co., Ltd. v. Hainan Changsheng Oil Development Co., Ltd.</u>

35.   In *Sinochem International Oil (Bahamas) Co., Ltd. v Hainan Changsheng Oil Development Co., Ltd.*, the arbitration clause provides:

> "If a disagreement or dispute related to this contract arises between buyer and seller, it should be resolved through mutual harmonizing in line with the principle of friendly consultation; and if harmonizing is ineffective, it should be submitted to relevant Chinese international trade arbitration institution to be arbitrated in accordance with the corresponding rules and procedures."

36. This arbitration agreement is also held to be invalid by the Supreme People's Court, which replied:

> "Based on the provisions of the June 8, 1996, Guo Ban Fa (1996) No. 22 'Notice on Several Questions That Must Be Clarified to Carry through the Implementation of the "Arbitration Law of the People's Republic of China"', newly established arbitration committees can adjudicate foreign-related arbitration cases. Therefore it cannot be presumed that the so-called "relevant Chinese international trade arbitration institution" is the China International Economic and Trade Arbitration Commission that adjudicates foreign-related arbitration cases. Given that what the parties in this case have covenanted regarding arbitration is unclear, and one party has brought suit in the relevant People's Court, it is clear that both parties have been unable to reach a supplementary agreement regarding an arbitration institution. In accordance with the provisions of Article 18 of the 'Arbitration Law of the People's Republic of China', it should be held that the arbitration clause is invalid in this case."

37. The reply of the PRC Supreme People's Court in this case and an English translation are attached as "Appendix E".

(iii) Johnson Controls (Hong Kong) Co., Ltd. v. Shenzhen Feiling Intelligence System Integration Co., Ltd.

38. In *Johnson Controls (Hong Kong) Co., Ltd. vs. Shenzhen Feiling Intelligence System Integration Co., Ltd.*, the arbitration clause provides:

> "All disputes arising from the performance of the contract or matters related to the contract should be resolved by consultation between the parties. If a dispute cannot be resolved through consultation, it should be submitted to and decided by a Chinese arbitration institution dealing with foreign-related contracts. The arbitration decision is final and binding on both parties."

39. The PRC Supreme People's Court replied:

> "But this arbitration clause only provides that disputes 'should be submitted to and decided by a Chinese arbitration institution dealing with foreign-related contracts', and does not explicitly provide with respect to the arbitration institution. Moreover the parties have not arrived at a new agreement with respect to an arbitration institution. Therefore, in accordance with the relevant provisions of the 'Arbitration Law of the People's Republic of China', this arbitration clause should be held invalid."

40. The reply of the PRC Supreme People's Court in this case and an English translation are attached as "Appendix F".

(iv) Shenzhen Huahancheng Trade Development Co., Ltd. v. Baerlocher Far East Chemical Private Limited.

41. In *Shenzhen Huahancheng Trade Development Co., Ltd. v. Baerlocher Far East Chemical Private Limited*, the arbitration clause provides:

> "If either party cannot resolve through friendly consultation a disagreement or dispute related to the agreement, including a dispute or disagreement in connection with the performance, effectiveness, or termination of the agreement, both parties agree to submit the dispute for arbitration in China in accordance with the current effective reconciliation and mediation rules of the China International Arbitration Center. These rules should be regarded as being incorporated into the agreement."

42. The Supreme People's Court replied:

> "Although the arbitration clause in the contract in this case explicitly states an intention to apply for arbitration and the matters for arbitration, it does not provide with respect to an arbitration institution. At present, the one party Shenzhen huahancheng Trade Development Co. Ltd. has already brought suit in the People's Court, and it can be concluded that both parties have been unable to reach a supplementary agreement regarding an arbitration institution; so in accordance with the provisions of Article 16 and Article 18 of the 'Arbitration Law of the People's Republic of China', the arbitration clause should be found invalid."

43. The reply of the PRC Supreme People's Court in this case and an English translation are attached as "Appendix G".

(v)   Züblin International GmbH vs. Wuxi Woke General Engineering Rubber Co., Ltd.

44. Under Chinese law, even when an arbitration agreement stipulates the arbitration rules applicable to the disputes but says nothing more, it will be insufficient to hold that the agreement contain a designation of the arbitration institution.

45. For example, in *Züblin International GmbH vs. Wuxi Woke General Engineering Rubber Co., Ltd.*, the arbitration clause provides:

> *"Arbitration: ICC Rules, Shanghai shall apply."*

46. The Supreme People's Court replied:

> *"In accordance with the relevant provisions of our nation's Arbitration Law, valid arbitration clauses must simultaneously contain three things: the expression of an intention to apply for arbitration, the matters for arbitration, and a designated arbitration institution. Considering the literal meaning of the arbitration clause concerned in this case, although the expression of intention to apply for arbitration, arbitration rules, and arbitration location are explicitly given, yet however an arbitration institution is not indicated explicitly. Therefore the arbitration clause should be held invalid."*

47. The reply of the PRC Supreme People's Court in this case and an English translation are attached as "Appendix H".

48. At "Appendix I" of this affidavit, I also include a "Table of Authorities" where the arbitration agreement/clause was held invalid by the PRC Supreme People's Court on the basis that there was no designated arbitration institution.

E.   *The arbitration clause in the Contracts does not specify a designated arbitration institution.*

49. In the present case, the arbitration clause in the Contracts provides that "the case in dispute shall then be submitted or arbitration in the country of defendant in accordance with the arbitration regulations of the arbitration organization of the

defendant country".

50. Yantai's counsel submits that the "arbitration organization" of China is CIETAC. I can not agree with this, because it is obvious to me that the arbitration clause does not contain any designated arbitration institution in China.

51. I admit that, before the promulgation of the PRC Arbitration Law on 31 August 1994, CIETAC was the only institution in China that could deal with disputes involving foreign interests and arising from foreign trade. Hence, if the Contracts had been entered into before the promulgation of the PRC Arbitration Law (which clearly is not the case, since the Contracts were entered into on or about 16 June 2004), it might be argued that the "arbitration organization" of China was CIETAC.

52. However, since 1995 many new arbitration institutions have been set up all around China. On 1 September 2004, ten years after the PRC Arbitration Law was promulgated, there were 173 arbitration commissions (including CIETAC) in the mainland China.[3] By the end of 2005, the total number had reached 186.[4]

53. In addition, according to the *General Office of the State Counci's Notice on Several Questions That Must Be Clarified to Carry through the Implementation of the Arbitration Law of the People's Republic of China* (Promulgated on 8 June 1996, effective as of the same date), not only CIETAC but all other arbitration commissions may accept cases involving foreign interests. The exclusivity of CIETAC in handling cases involving foreign interests has disappeared.

54. As a result, it is impossible now to determine which one of the arbitration commissions in China the "arbitration organization of the defendant country" refers to. Hence, Yantai's submission that the "arbitration organization" of China is CIETAC is groundless.

F.   *The institution of the action by Apple & Eve in the US court means that the parties could not reach a supplementary agreement on the arbitration institution.*

55. According to Article 18 of the PRC Arbitration Law, if an arbitration agreement

---

[3] http://www.chinacourt.org/public/detail.php?id=129808
[4] http://rmfyb.chinacourt.org/public/detail.php?id=100253

contains no or unclear provisions concerning the arbitration commission, the parties may reach a supplementary agreement. If no such supplementary agreement can be reached, the arbitration agreement shall be null and void.

56. Yantai's counsel contends that "The parties should have no problem agreeing on the proper arbitration organization in China, as CIETAC is the main arbitration institution in China. If there needs to be a dialogue between the parties on the proper arbitration association in China, it would be consistent with the provision of paragraph 16 of the Contracts that the parties first attempt to settle by negotiation 'any controversy or claim arising out of relating to the contract or the breach thereof'." "Should there remain disagreement regarding the proper arbitral body in China, it can be decided by either the Chinese courts or CIETAC."

57. First of all, I would like to point out that, according to the laws of the PRC, whether to enter into further negotiation and reach a supplementary agreement is totally a right of the parties but not an obligation. As a result, the PRC Arbitration Law does not empower Chinese courts to order the parties to conduct further negotiation or order the parties to refer their disputes to an arbitration institution if the parties have not agreed on it. In addition, because *ad hoc* arbitration is not allowed to take place inside China, Chinese courts have no power to appoint arbitrators on behalf of the parties, although I note that courts in some jurisdictions may do so.

58. From the replies made by the PRC Supreme People's Court in the cases cited before (for example, *Sinochem International Oil (Bahamas) Co., Ltd. v. Hainan Changsheng Oil Development Co., Ltd.* and *Shenzhen Huahancheng Trade Development Co., Ltd. v. Baerlocher Far East Chemical Private Limited*), it is clear that Chinese courts will hold that the institution of an action before a court by one party means that no supplementary agreement on the arbitration commission could be reached and thus the arbitration agreement shall be null and void.

59. In the present case, the institution of the action by Apple & Eve in the US court is sufficient to hold under the laws of the PRC that no further agreement on arbitration institution could be reached between the parties and hence the arbitration clause in the Contracts shall be null and void for the lack of a designated arbitration institution.

**G.   *The invalid arbitration clause in the Contracts can not be the basis for CIETAC or other arbitration commissions in China to accept an application for arbitration.***

60.   From my ten years of working experience at CIETAC, I am convinced that the invalid arbitration clause in the Contracts can not be the basis for CIETAC or other arbitration commissions in China to accept an application for arbitration.

61.   Article 5.1 of the CIETAC Arbitration Rules provides:

> *"The CIETAC shall, upon the written application of a party, accept a case in accordance with an arbitration agreement concluded between the parties, either before or after the occurrence of the dispute, in which <u>it is provided that disputes are to be referred to arbitration by the CIETAC.</u>"(Emphasis added)*

62.   In other words, CIETAC would not accept a case where CIETAC is not expressly stipulated as the arbitration institution or where CIETAC could not be determined to be the designated arbitration institution by reasonable interpretation of the arbitration agreement. Clearly, the arbitration clause in the Contracts, which is invalid under the laws of the PRC, can not be the basis that CIETAC could rely on to accept an application for arbitration.

63.   Other arbitration commissions in China also require, either in their arbitration rules or in practice, that the name of the arbitration commission shall be specified in the arbitration agreement. Hence, the arbitration clause in the Contracts will not be the basis for these arbitration commissions to accept a case either.

**H.   *If an award was made on the basis of the invalid arbitration clause in the Contracts, Chinese courts shall refuse to enforce the award at the request of either Apple & Eve or Yantai.***

64.   According to Article 72 of the PRC Arbitration Law and Article 260 of the PRC Civil Procedure Law, Chinese courts shall make a written order not to allow the enforcement of an award rendered by an Chinese arbitration institution, if the party against whom the application for enforcement is made furnishes proof that the parties have not had an arbitration clause in the contract or have not subsequently reached a written arbitration agreement.

65. Under the laws of the PRC, if an arbitration agreement is found to be invalid, there will be deemed to be no arbitration agreement. Hence, if an award was made inside China on the basis of the invalid arbitration clause in the Contracts, Chinese courts shall refuse to enforce the award at the request of either Apple & Eve or Yantai.

66. If the award was made in another contracting state to the New York Convention, Chinese courts may refuse recognition and enforcement of the award according to Article V.1(a) of the New York Convention.

## IV.   Conclusion

67. The arbitration clause in the Contracts does not contain a designated arbitration commission and no supplementary agreement could be reached between Apple & Eve and Yantai since Apple & Eve has instituted an action in the US court.

68. Therefore, the arbitration clause in the Contracts is null and void under the laws of the PRC, and Yantai's motion to compel arbitration should not be granted according to Article II.3 of the New York Convention.

69. If an award was made on the basis of the invalid arbitration clause in the Contracts, Chinese courts shall refuse to enforce the award at the request of either Apple & Eve or Yantai.

Dated 30 March 2007, Beijing, China.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Liu Yuwu
Attorney-at-law
King & Wood PRC Lawyers

# Appendix A

0001

# CURRICULUM VITAE

# Liu Yuwu, Attorney-at-law

# King & Wood PRC Lawyers

*Address:*   31/F, Tower A, Jianwai SOHO, 39 Dongsanhuan Zhonglu,
             Chaoyang District, Beijing 100022, P. R. China
*Tel:*       +86-10-5878 5588 (General)
             +86-10-5878 5056 (Direct)
*Fax:*       +86-10-5878 5522
*Mobile:*    +86 139 105 00260
*E-mail:*    liuyuwu@kingandwood.com
*Website:*   www.kingandwood.com

## Positions:

- Arbitrator, China International Economic and Trade Arbitration Commission (CIETAC) and Beijing Arbitration Commission (BAC), made awards for nearly 50 cases as presiding arbitrator, sole arbitrator or co-arbitrator since 2003
- Council Member, CIETAC Expert Advisory Board
- Member, Chartered Institute of Arbitrators
- Mediator, China Chamber of International Commerce Conciliation Center
- Specialist, CIETAC Domain Name Dispute Resolution Center
- Council Member, China Academy of Sports Law
- Council Member, Beijing Academy of Environmental Law

## Work Experience:

Jan. 2006-Present
: Attorney-at-law, Litigation and Arbitration Group
King & Wood PRC Lawyers, Beijing
● Representing and advising clients in arbitrations under CIETAC, Stockholm Chamber of Commerce, ICC, UNCITRAL and FOSFA Arbitration Rules.
● Advising on the draft of dispute resolution clauses.
● Representing clients in court litigations in China.

July 1995-Dec. 2005
: Director, the Secretariat, China International Economic and Trade Arbitration Commission (CIETAC)
● Responsible for the arbitration proceedings of more than 250 international arbitration cases. The disputes involved include sale of goods, joint ventures, construction,

1

.r   0002

intellectual property, leasing, agency, securities, and etc.
● Scrutinized more than 300 awards as a member of CIETAC Award Scrutiny Committee.
● Responsible for the daily management of one division of the Secretariat, which handles nearly 200 cases each year.
● Drafted more than 30 jurisdictional decisions, most of which involve the existence or validity of arbitration clauses.
● Provided expert opinions for more than 40 arbitration cases.
● Participated in coordination meetings between CIETAC and Chinese courts on judicial supervision of arbitration.
● Organized the 17th ICCA Conference which was hosted by CIETAC in 2004.
● Amending CIETAC Arbitration Rules in 2005.

## *Educational Background:*

Sept. 1992-June 1995   University of International Business and Economics, Beijing
Degree & Date: Master of Laws, 22nd June 1995
Field of Study: International Business Law
1994th T. K. Ann International Trade Research Award

Sept. 1988-July 1992   Law School, Renmin University of China, Beijing
Degree & Date: Bachelor of Laws, 30th June 1992
Field of Study: Business Law

## *Publications:*

1. "ICC Arbitration in Mainland China: Validity of Arbitration Clauses and Enforcement of Awards", *International Business*, No. 22, November 2006.
2. "Is Arbitration Confidential?", *Arbitration and Law*, No. 4, 2003.
3. "Recovery of JV Assets and Proceeds by Minority Shareholders from Majority Shareholders", *International Business Daily*, September 10, 2002;
4. "The Effect of Formation and Validity of Contract on the Arbitration Clause in the Contract", *International Business Daily*, August 27, 2002;
5. "Chinese Supreme People's Court Changes Jurisdiction over Foreign-Related Cases", *[2002] International Arbitration Law Review,* N-3, Sweet & Maxwell.
6. "Arbitration Agreement: Chinese Practice and Future Trends", *16 No.8 Mealey's International Arbitration Report 25* (August 2001);
7. "PRC Supreme People's Court Holds That Assignee Is Bound by the Arbitration Clause Contained in the Assigned Contract", *[2001] International Arbitration*

.·C. 0003

*Law Review*, N-11, Sweet & Maxwell.

8. Zhu Jianlin and Liu Yuwu, "China's New Contract Law: Implications for Arbitration", *[2000] International Arbitration Law Review 157*, Sweet & Maxwell.

9. "Changes to the CIETAC Rules", *[2000] International Arbitration Law Review*, N-57, Sweet & Maxwell.

10. "Research on Retention of Title", *Jurist's Review, No. 2, 1998.*

11. "Observations on Obligations of the Seller and the Buyer in Credit Operations", *Civil and Commercial Law Review, Vol. 9, No. 3, 1997.*

12. "Regulation of Insider Trading and Its Rationale", *Practice in Foreign Economic Relations & Trade, No. 5, 1993.*

13. Hu Jinguang and Liu Yuwu, "Administrative Responsibility System and Honesty in Performing Official Duties", *Journal of the Renmin University of China, Vol. V, No. 5, 1991.*

Wrote Chapters for the Following Publications:

1. *Commentary on International Commercial Cases*, Zhongxin Publishing House (2002);

2. *Law and Practice of Foreign Economic Relations and Trade: Update Edition*, Xinhua Publishing House (1995).

3. *Collections of Chinese and Foreign Anti-Corruption Law*, People's Procuratorate Publishing House (1994).

4. *Encyclopedia of Chinese Law Regulating Socialist Market Economy*, People's Daily Publishing House (1993).

## *Presentations:*

1. "Arbitration Agreement: Chinese Practice and Future Trends", Inter-Pacific Bar Association Annual Conference, Dispute Resolution Committee, 2001.

2. "Arbitration of Joint Venture Disputes in China: The Practice and Strategies", "Chinese Joint Ventures: A Way Forward" organized by IBC Asia Ltd., 2002.

3. "Validity of Arbitration Agreement", Hubei Province Bar Association Training Program, 2003.

4. "Writing of Awards", CIETAC Arbitrators' Training Programs, 2005; Beijing Arbitration Commission, 2007.

5. "Enforcement of ICC Award made in China", Expert Presentation at the Fourth Civil Trial Division of the Supreme People's Court of the People's Republic of China, 2005.

6. "Resolving Joint Venture Disputes by Arbitration", Seminars organized by Chinese Law Society, Shenzhen, Qingdao and Beijing, 2006.

7. "Effective Management of Arbitral Proceedings", ADR in Asia Conference, Hong Kong, 2006

## *Professional Qualification:*

C. 0004

Passed PRC Bar Examination in 1995 and Obtained PRC Bar Qualification
Certificate in 1996.

.C.  **0005**

# Appendix B

.C: 0006

# 中华人民共和国仲裁法

（1994 年 8 月 31 日第八届全国人民代表大会常务委员会第九次会议通过）

## 中华人民共和国主席令

（第 31 号）

《中华人民共和国仲裁法》已由中华人民共和国第八届全国人民代表大会常务委员会第九次会议于 1994 年 8 月 31 日通过，现予公布，自 1995 年 9 月 1 日起施行。

中华人民共和国主席　江泽民

1994 年 8 月 31 日

### 第一章　总　则

**第一条**　为保证公正、及时地仲裁经济纠纷，保护当事人的合法权益，保障社会主义市场经济健康发展，制定本法。

**第二条**　平等主体的公民、法人和其他组织之间发生的合同纠纷和其他财产权益纠纷，可以仲裁。

**第三条**　下列纠纷不能仲裁：

（一）婚姻、收养、监护、扶养、继承纠纷；

（二）依法应当由行政机关处理的行政争议。

**第四条**　当事人采用仲裁方式解决纠纷，应当双方自愿，达成仲裁协议。没有仲裁协议，一方申请仲裁的，仲裁委员会不予受理。

**第五条**　当事人达成仲裁协议，一方向人民法院起诉的，人民法院不予受理，但仲裁协议无效的除外。

**第六条**　仲裁委员会应当由当事人协议选定。仲裁不实行级别管辖和地域管辖。

**第七条**　仲裁应当根据事实，符合法律规定，公平合理地解决纠纷。

**第八条**　仲裁依法独立进行，不受行政机关、社会团体和个人的干涉。

**第九条**　仲裁实行一裁终局的制度。裁决作出后，当事人就同一纠纷再申请仲裁或者向人民法院起诉的，仲裁委员会或者人民法院不予受理。

裁决被人民法院依法裁定撤销或者不予执行的，当事人就该纠纷可以根据双方重新达成

的仲裁协议中请仲裁，也可以向人民法院起诉。

第二章　仲裁委员会和仲裁协会

第十条　仲裁委员会可以在直辖市和省、自治区人民政府所在地的市设立，也可以根据需要在其他设区的市设立，不按行政区划层层设立。

仲裁委员会由前款规定的市的人民政府组织有关部门和商会统一组建。

设立仲裁委员会，应当经省、自治区、直辖市的司法行政部门登记。

第十一条　仲裁委员会应当具备下列条件：

(一) 有自己的名称、住所和章程；

(二) 有必要的财产；

(三) 有该委员会的组成人员；

(四) 有聘任的仲裁员。

仲裁委员会的章程应当依照本法制定。

第十二条　仲裁委员会由主任一人、副主任二至四人和委员七至十一人组成。

仲裁委员会的主任、副主任和委员由法律、经济贸易专家和有实际工作经验的人员担任。仲裁委员会的组成人员中，法律、经济贸易专家不得少于三分之二。

第十三条　仲裁委员会应当从公道正派的人员中聘任仲裁员。

仲裁员应当符合下列条件之一：

(一) 从事仲裁工作满八年的；

(二) 从事律师工作满八年的；

(三) 曾任审判员满八年的；

(四) 从事法律研究、教学工作并具有高级职称的；

(五) 具有法律知识、从事经济贸易等专业工作并具有高级职称或者具有同等专业水平的。仲裁委员会按照不同专业设仲裁员名册。

第十四条　仲裁委员会独立于行政机关，与行政机关没有隶属关系。仲裁委员会之间也

没有隶属关系。

第十五条 中国仲裁协会是社会团体法人。仲裁委员会是中国仲裁协会的会员。中国仲裁协会的章程由全国会员大会制定。

中国仲裁协会是仲裁委员会的自律性组织，根据章程对仲裁委员会及其组成人员、仲裁员的违纪行为进行监督。

中国仲裁协会依照本法和民事诉讼法的有关规定制定仲裁规则。

第三章　仲裁协议

第十六条 仲裁协议包括合同中订立的仲裁条款和以其他书面方式在纠纷发生前或者纠纷发生后达成的请求仲裁的协议。

仲裁协议应当具有下列内容：

（一）请求仲裁的意思表示；

（二）仲裁事项；

（三）选定的仲裁委员会。

第十七条 有下列情形之一的，仲裁协议无效：

（一）约定的仲裁事项超出法律规定的仲裁范围的；

（二）无民事行为能力人或者限制民事行为能力人订立仲裁协议的；

（三）一方采取胁迫手段，迫使对方订立的仲裁协议的。

第十八条 仲裁协议对仲裁事项或者仲裁委员会没有约定或者约定不明确的，当事人可以补充协议；达不成补充协议的，仲裁协议无效。

第十九条 仲裁协议独立存在，合同的变更、解除、终止或者无效，不影响仲裁协议的效力。

仲裁庭有权确认合同的效力。

第二十条 当事人对仲裁协议的效力有异议的，可以请求仲裁委员会作出决定或者请求人民法院作出裁定。一方请求仲裁委员会作出决定，另一方请求法院作出裁定的，由人民法院裁定。

当事人对仲裁协议的效力有异议，应当在仲裁庭首次开庭前提出。

第四章　仲裁程序

第一节　申请和受理

第二十一条　当事人申请仲裁应当符合下列条件：

(一) 有仲裁协议；

(二) 有具体的仲裁请求和事实、理由；

(三) 属于仲裁委员会的受理范围。

第二十二条　当事人申请仲裁，应当向仲裁委员会递交仲裁协议、仲裁申请书及副本。

第二十三条　仲裁申请书应当载明下列事项：

(一) 当事人的姓名、性别、年龄、职业、工作单位和住所，法人或者其他组织的名称、住所和法定代表人或者主要负责人的姓名、职务；

(二) 仲裁请求和所根据的事实、理由；

(三) 证据和证据来源、证人的姓名和住所。

第二十四条　仲裁委员会收到仲裁申请书之日起五日内，认为符合受理条件的，应当受理，并通知当事人；认为不符合受理条件的，应当书面通知当事人不予受理，并说明理由。

第二十五条　仲裁委员会受理仲裁申请后，应当在仲裁规则规定的期限内将仲裁规则和仲裁员名册送达申请人，并将仲裁申请书副本和仲裁规则、仲裁员名册送达被申请人。

被申请人收到仲裁申请书副本后，应当在仲裁规则规定的期限内向仲裁委员会提交答辩书。仲裁委员会收到答辩书后，应当在仲裁规则规定的期限内将答辩书副本送达申请人。被申请人未提交答辩书的，不影响仲裁程序的进行。

第二十六条　当事人达成仲裁协议，一方向人民法院起诉未声明有仲裁协议，人民法院受理后，另一方在首次开庭前提交仲裁协议的，人民法院应当驳回起诉，但仲裁协议无效的除外；另一方在首次开庭前未对人民法院受理该案提出异议的，视为放弃仲裁协议，人民法院应当继续审理。

第二十七条　申请人可以放弃或者变更仲裁请求。被申请人可以承认或者反驳仲裁请求，有权提出反请求。

第二十八条　一方当事人因另一方当事人的行为或者其他原因，可能使裁决不能执行或者难以执行的，可以申请财产保全。

.C:    0010

当事人申请财产保全的,仲裁委员会应当将当事人的申请依照民事诉讼法的有关规定提交人民法院。

申请有错误的,申请人应当赔偿被申请人因财产保全所遭受的损失。

第二十九条 当事人、法定代理人可以委托律师和其他代理人进行仲裁活动。委托律师和其他代理人进行仲裁活动的,应当向仲裁委员会提交授权委托书。

第二节 仲裁庭的组成

第三十条 仲裁庭可以由三名仲裁员或者一名仲裁员组成。由三名仲裁员组成的,设首席仲裁员。

第三十一条 当事人约定由三名仲裁员组成仲裁庭的,应当各自选定或者各自委托仲裁委员会主任指定一名仲裁员,第三名仲裁员由当事人共同选定或者共同委托仲裁委员会主任指定。第三名仲裁员是首席仲裁员。

当事人约定由一名仲裁员成立仲裁庭的,应当由当事人共同选定或者共同委托仲裁委员会主任指定仲裁员。

第三十二条 当事人没有在仲裁规则规定的期限内约定仲裁庭的组成的方式或者选定仲裁员的,由仲裁委员会主任指定。

第三十三条 仲裁庭组成后,仲裁委员会应当将仲裁庭的组成情况书面通知当事人。

第三十四条 仲裁员有下列情形之一的,必须回避,当事人也有权提出回避申请:

(一) 是本案当事人或者当事人、代理人的近亲属;

(二) 与本案有利害关系;

(三) 与本案当事人、代理人有其他关系,可能影响公正仲裁的;

(四) 私自会见当事人、代理人,或者接受当事人、代理人的请客送礼的。

第三十五条 当事人提出回避申请,应当说明理由,在首次开庭前提出。回避事由在首次开庭后知道的,可以在最后一次开庭终结前提出。

第三十六条 仲裁员是否回避,由仲裁委员会主任决定;仲裁委员会主任担任仲裁员时,由仲裁委员会集体决定。

第三十七条 仲裁员因回避或者其他原因不能履行职责的,应当依照本法规定的重新选定或者指定仲裁员。

0011

因回避而重新选定或者指定仲裁员后，当事人可以请求已进行的仲裁程序重新进行，是否准许，由仲裁庭决定；仲裁庭也可以自行决定已进行的仲裁程序是否重新进行。

第三十八条 仲裁员有本法第三十四条第四项规定的情形，情节严重的，或者有本法第五十八条第六项规定的情形的，应当依法承担法律责任，仲裁委员会应当将其除名。

第三节 开庭和裁决

第三十九条 仲裁应当开庭进行。当事人协议不开庭的，仲裁庭可以根据仲裁申请书、答辩书以及其他材料作出裁决。

第四十条 仲裁不公开进行。当事人协议公开的，可以公开进行，但涉及国家秘密的除外。

第四十一条 仲裁委员会应当在仲裁规则规定的期限内将开庭日期通知双方当事人。当事人有正当理由的，可以在仲裁规则规定的期限内请求延期开庭。是否延期，由仲裁庭决定。

第四十二条 申请人经书面通知，无正当理由不到庭或者未经仲裁庭许可中途退庭的，可以视为撤回仲裁申请。

被申请人经书面通知，无正当理由不到庭或者未经仲裁庭许可中途退庭的，可以缺席裁决。

第四十三条 当事人应当对自己的主张提供证据。

仲裁庭认为有必要收集的证据，可以自行收集。

第四十四条 仲裁庭对专门性问题认为需要鉴定的，可以交由当事人约定的鉴定部门鉴定，也可以由仲裁庭指定的鉴定部门鉴定。

根据当事人的请求或者仲裁庭的要求，鉴定部门应当派鉴定人参加开庭。当事人经仲裁庭许可，可以向鉴定人提问。

第四十五条 证据应当在开庭时出示，当事人可以质证。

第四十六条 在证据可能灭失或者以后难以取得的情况下，当事人可以申请证据保全。当事人申请证据保全的，仲裁委员会应当将当事人的申请提交证据所在地的基层人民法院。

第四十七条 当事人在仲裁过程中有权进行辩论。辩论终结时，首席仲裁员或者独任仲裁员应当征询当事人的最后意见。

第四十八条 仲裁庭应当将开庭情况记入笔录。当事人和其他仲裁参与人认为对自己陈述的记录有遗漏或者差错的，有权申请补正。如果不予补正，应当记录该申请。

笔录由仲裁员、记录人员、当事人和其他仲裁参与人签名或者盖章。

第四十九条 当事人申请仲裁后，可以自行和解。达成和解协议的，可以请求仲裁庭根据和解协议作出裁决书，也可以撤回仲裁申请。

第五十条 当事人达成和解协议，撤回仲裁申请后反悔的，可以根据仲裁协议申请仲裁。

第五十一条 仲裁庭在作出裁决前，可以先行调解。当事人自愿调解的，仲裁庭应当调解。调解不成的，应当及时作出裁决。

调解达成协议的，仲裁庭应当制作调解书或者根据协议的结果制作裁决书。调解书与裁决书具有同等法律效力。

第五十二条 调解书应当写明仲裁请求和当事人协议的结果。调解书由仲裁员签名，加盖仲裁委员会印章，送达双方当事人。

调解书经双方当事人签收后，即发生法律效力。

在调解书签收前当事人反悔的，仲裁庭应当及时作出裁决。

第五十三条 裁决应当按照多数仲裁员的意见作出，少数仲裁员的不同意见可以记入笔录。仲裁庭不能形成多数意见时，裁决应当按照首席仲裁员的意见作出。

第五十四条 裁决书应当写明仲裁请求、争议事实、裁决理由、裁决结果、仲裁费用的负担和裁决日期。当事人协议不愿写明争议事实和裁决理由的，可以不写。裁决书由仲裁员签名，加盖仲裁委员会印章。对裁决持不同意见的仲裁员，可以签名，也可不签名。

第五十五条 仲裁庭仲裁纠纷时，其中一部分事实已经清楚，可以就该部分先行裁决。

第五十六条 对裁决书中的文字、计算错误或者仲裁庭已经裁决但在裁决书中遗漏的事项，仲裁庭应当补正；当事人自收到裁决书之日起三十日内，可以请求仲裁补正。

第五十七条 裁决书自作出之日起发生法律效力。

第五章　申请撤销裁决

第五十八条 当事人提出证据证明裁决有下列情形之一的，可以向仲裁委员会所在地的中级人民法院申请撤销裁决：

（一）没有仲裁协议的；

（二）裁决的事项不属于仲裁协议的范围或者仲裁委员会无权仲裁的；

（三）仲裁庭的组成或者仲裁的程序违反法定程序的；

（四）裁决所根据的证据是伪造的；

（五）对方当事人隐瞒了足以影响公正裁决的证据的；

（六）仲裁员在仲裁该案时有索贿受贿，徇私舞弊，枉法裁决行为的；

人民法院经组成合议庭审查核实裁决有前款规定情形之一的，应当裁定撤销。

人民法院认定该裁决违背社会公共利益的，应当裁定撤销。

第五十九条 当事人申请撤销裁决的，应当自收到裁决书之日起六个月内提出。

第六十条 人民法院应当在受理撤销裁决申请之日起两个月内作出撤销裁决或者驳回申请的裁定。

第六十一条 人民法院受理撤销裁决的申请后，认为可以由仲裁庭重新仲裁的，通知仲裁庭在一定期限内重新仲裁，并裁定中止撤销程序。仲裁庭拒绝重新仲裁的，人民法院应当裁定恢复撤销程序。

### 第六章　执行

第六十二条 当事人应当履行裁决。一方当事人不履行的，另一方当事人可以依照民事诉讼法的有关规定向人民法院申请执行。受申请的人民法院应当执行。

第六十三条 被申请人提出证据证明裁决有民事诉讼法第二百一十七条第二款规定的情形之一的，经人民法院组成合议庭审查核实，裁定不予执行。

第六十四条 一方当事人申请执行裁决，另一方当事人申请撤销裁决的，人民法院应当裁定中止执行。

人民法院裁定撤销裁决的，应当裁定终结执行。撤销裁决的申请被裁定驳回的，人民法院应当裁定恢复执行。

### 第七章　涉外仲裁的特别规定

第六十五条 涉外经济贸易、运输和海事中发生的纠纷的仲裁，适用本章规定。本章没有规定的，适用本法其他有关规定。

第六十六条 涉外仲裁委员会可以由中国国际商会组织设立。

涉外仲裁委员会由主任一人、副主任若干人和委员若干人组成。

涉外仲裁委员会的主任、副主任和委员可以由中国国际商会聘任。

第六十七条 涉外仲裁委员会可以从具有法律、经济贸易、科学技术等专门知识的外籍人士中聘任仲裁员。

第六十八条 涉外仲裁的当事人申请证据保全的，涉外仲裁委员会应当将当事人的申请提交证据所在地的中级人民法院。

第六十九条 涉外仲裁的仲裁庭可以将开庭情况记入笔录。或者作出笔录要点，笔录要点可以由当事人和其他仲裁参与人签字或者盖章。

第七十条 当事人提出证据证明涉外仲裁裁决有民事诉讼法第二百六十条第一款规定的情形之一的，经人民法院组成合议庭审查核实，裁定撤销。

第七十一条 被申请人提出证据证明涉外仲裁裁决有民事诉讼法第二百六十条第一款规定的情形之一的，经人民法院组成合议庭审查核实，裁定不予执行。

第七十二条 涉外仲裁委员会作出的发生法律效力的仲裁裁决，当事人请求执行的，如果被执行人或者其财产不在中华人民共和国领域内，应当由当事人直接向有管辖权的外国法院申请承认和执行。

第七十三条 涉外仲裁规则可以由中国国际商会依照本法和民事诉讼法的有关规定制定。

第八章 附则

第七十四条 法律对仲裁时效有规定的，适用该规定。法律对仲裁时效没有规定的，适用诉讼时效的规定。

第七十五条 中国仲裁协会制定仲裁规则前，仲裁委员会依照本法和民事诉讼法的有关规定可以制定仲裁暂行规则。

第七十六条 当事人应当按照规定交纳仲裁费用。

收取仲裁费用的办法，应当报物价管理部门核准。

第七十七条 劳动争议和农业集体经济组织内部的农业承包合同纠纷的仲裁，另行规定。

第七十八条 本法施行前制定的有关仲裁的规定与本法的规定相抵触的，以本法为准。

第七十九条 本法施行前在直辖市、省、自治区人民政府所在地的市和其他设区的市设立的仲裁机构，应当依照本法的有关规定重新组建；未重新组建的，自本法施行之日至届满一年时终止。

本法施行前设立的不符合本法规定的其他仲裁机构，自本法施行之日起终止。

第八十条  本法自 1995 年 9 月 1 日起施行。

　附：

民事诉讼法有关条款

第二百一十七条  被申请人提出证据证明仲裁裁决有下列情形之一的，经人民法院组成合议庭审查核实，裁定不予执行。

　(一) 当事人在合同中没有订有仲裁条款或者事后没有达成书面仲裁协议的；

　(二) 裁决的事项不属于仲裁协议的范围或者仲裁机构无权仲裁的；

　(三) 仲裁庭的组成或者仲裁的程序违反法定的程序的；

　(四) 认定事实的主要的证据不足的；

　(五) 适用法律确有错误的；

　(六) 仲裁员在仲裁该案时有贪污受贿，徇私舞弊，枉法裁决行为的。

第二百六十条  对中华人民共和国涉外仲裁机构作出的裁决，被申请人提出证据证明仲裁裁决有下列情之一的，以人民法院组成合议庭审查核实，裁定不予执行：

　(一) 当事人在合同中没有订有仲裁条款或者事后没有达成书面仲裁协议的；

　(二) 被申请人没有得到指定仲裁员或者进行仲裁程序的通知，或者由于其他不属于被申请人负责的原因未能陈述意见的；

　(三) 仲裁庭的组成或者仲裁的程序与仲裁规则不符的；

　(四) 裁决的事项不属于仲裁协议的范围或者仲裁机构无权仲裁的。

English translation printed from ARBITRATION IN CHINA: PRACTICAL
GUIDE, Sweet&Maxwell Asia, 2004

# ARBITRATION IN CHINA: A PRACTICAL GUIDE

---◆---

### Advisory Editors

*Mr. Jerome A. Cohen*

*Mr. Neil Kaplan CBE QC FCIArb*

*Professor Dr. Peter Malanczuk*

---◆---

### General Editors

*Professor Daniel R. Fung*
*Dr. Wang Sheng Chang*

*And a team of expert contributors*

---◆---

HONG KONG • SINGAPORE • MALAYSIA
SWEET & MAXWELL ASIA
2004

.C. 0018

Case 2:07-cv-00745-JHR-WDW   Document 40   Filed 04/02/07   Page 34 of 84

# Appendix 1

## ARBITRATION LAW OF THE PEOPLE'S REPUBLIC OF CHINA*

(Adopted at the Ninth Meeting of the Standing Committee
of the Eighth National People's Congress on 31 August 1994,
promulgated by Order No.31 of the President of the People's Republic of China
on 31 August 1994, and effective as of 1 September, 1995)

## CHAPTER ONE: GENERAL PROVISIONS

### Article 1

This Law is formulated in order to ensure the impartial and prompt arbitration of economic disputes, to protect the legitimate rights and interests of the parties and to safeguard the sound development of the socialist market economy.

### Article 2

Contractual disputes and other disputes over rights and interests in property between citizens, legal persons and other organizations that are equal subjects may be arbitrated.

### Article 3

The following disputes may not be arbitrated:

1. marital, adoption, guardianship, support and succession disputes;
2. administrative disputes that shall be handled by administrative organs as prescribed by law.

### Article 4

The parties' submission to arbitration to resolve their dispute shall be on the basis of both parties' free will and an arbitration agreement reached between them. If a

---

Reproduced with the kind permission of the Ministry of Commerce of the People's Republic of China (MOFCOM). Sweet & Maxwell Asia would also like to express their gratitude to the Department of Law and Treaty of the Ministry of Commerce of the People's Republic of China (MOFCOM) for their assistance. This legislation has been reproduced as it appears on the official website of the Ministry of Commerce of the People's Republic of China: http://english.mofcom. gov.cn/lawdigest.shtml. Sweet & Maxwell Asia assumes no liability or responsibility with regards to the accuracy of the contents herein.

party applies for arbitration in the absence of an arbitration agreement, the arbitration commission shall not accept the case.

## Article 5

If the parties have concluded an arbitration agreement and one party institutes an action in a people's court, the people's court shall not accept the case, unless the arbitration agreement is null and void.

## Article 6

The arbitration commission shall be selected by the parties through agreement. In arbitration, there shall be no jurisdiction by level and no territorial jurisdiction.

## Article 7

In arbitration, disputes shall be resolved on the basis of facts, in compliance with the law and in an equitable and reasonable manner.

## Article 8

Arbitration shall be carried out independently according to law and shall be free from interference of administrative organs, social organizations or individuals.

## Article 9

A system of a single and final award shall be practiced for arbitration. If a party applies for arbitration to an arbitration commission or institutes an action in a people's court regarding the same dispute after an arbitration award has been made, the arbitration commission or the people's court shall not accept the case.

If an arbitration award is set aside or its enforcement is disallowed by the people's court in accordance with the law, a party may apply for arbitration on the basis of a new arbitration agreement reached between the parties, or institute an action in the people's court, regarding the same dispute.

# CHAPTER TWO: ARBITRATION COMMISSIONS AND THE ARBITRATION ASSOCIATION

## Article 10

Arbitration commissions may be established in municipalities directly under the Central Government and in cities that are the seats of the people's governments of provinces or autonomous regions. They may also be established in other cities divided into districts, according to need. Arbitration commissions shall not be established at each level of the administrative divisions.

People's governments of the cities referred to in the preceding paragraph shall arrange for the relevant departments and chambers of commerce to organize arbitration commissions in a unified manner.

The establishment of an arbitration commission shall be registered with the administrative department of justice of the relevant province, autonomous region or municipality directly under the Central Government.

C. 0020

## Article 11
An arbitration commission shall meet the conditions set forth below:

1. To have its own name, domicile and charter;
2. To have the necessary property;
3. To have the personnel that are to form the commission; and
4. To have appointed arbitrators.

The charter of an arbitration commission shall be formulated in accordance with this Law.

## Article 12
An arbitration commission shall be composed of one chairman, two to four vice chairmen and seven to eleven members.

The offices of chairman, vice chairman and members of an arbitration commission shall be held by experts in the field of law, economy and trade and persons with practical working experience. Experts in the field of law, economy and trade shall account for at least two thirds of the people forming an arbitration commission.

## Article 13
An arbitration commission shall appoint its arbitrators from among righteous and upright persons.

An arbitrator shall meet one of the conditions set forth below:

1. To have been engaged in arbitration work for at least eight years;
2. To have worked as a lawyer for at least eight years;
3. To have served as a judge for at least eight years;
4. To have been engaged in legal research or legal education, possessing a senior professional title; or
5. To have acquired the knowledge of law, engaged in the professional work in the field of economy and trade, etc. possessing a senior professional title or having an equivalent professional level.

An arbitration commission shall have a register of arbitrators in different specializations.

## Article 14
Arbitration commissions shall be independent from administrative organs and there shall be no subordinate relationships between arbitration commissions and administrative organs. There shall also be no subordinate relationships between arbitration commissions.

## Article 15
China Arbitration Association is a social organization with the status of a legal person. Arbitration commissions are members of China Arbitration Association.

The charter of China Arbitration Association shall be formulated by its national congress of members.

China Arbitration Association is a self-disciplined organization of arbitration commissions. It shall, in accordance with its charter, supervise arbitration commissions and their members and arbitrators as to whether or not they breach discipline.

China Arbitration Association shall formulate rules of arbitration in accordance with this Law and the relevant provisions of the Civil Procedure Law.

# CHAPTER THREE: ARBITRATION AGREEMENT

## Article 16

An arbitration agreement shall include arbitration clauses stipulated in the contract and agreements of submission to arbitration that are concluded in other written forms before or after disputes arise.

An arbitration agreement shall contain the following particulars:

1. an expression of intention to apply for arbitration;
2. matters for arbitration; and
3. a designated arbitration commission.

## Article 17

An arbitration agreement shall be null and void under one of the following circumstances:

1. The agreed matters for arbitration exceed the range of arbitrable matters as specified by law;
2. One party that concluded the arbitration agreement has no capacity for civil conducts or has limited capacity for civil conducts; or
3. One party coerced the other party into concluding the arbitration agreement.

## Article 18

If an arbitration agreement contains no or unclear provisions concerning the matters for arbitration or the arbitration commission, the parties may reach a supplementary agreement. If no such supplementary agreement can be reached, the arbitration agreement shall be null and void.

## Article 19

An arbitration agreement shall exist independently. The amendment, rescission, termination or invalidity of a contract shall not affect the validity of the arbitration agreement.

The arbitration tribunal shall have the power to affirm the validity of a contract.

## Article 20

If a party challenges the validity of the arbitration agreement, he may request the

0022

6

arbitration commission to make a decision or apply to the people's court for a ruling. If one party requests the arbitration commission to make a decision and the other party applies to the people's court for a ruling, the people's court shall give a ruling.

A party's challenge of the validity of the arbitration agreement shall be raised prior to the arbitration tribunal's first hearing.

# CHAPTER FOUR: ARBITRATION PROCEEDINGS

## Section 1. Application and Acceptance

### Article 21

A party's application for arbitration shall meet the following requirements:

1. There is an arbitration agreement;
2. There is a specific arbitration claim and there are facts and reasons therefor; and
3. The application is within the scope of the arbitration commission's acceptability.

### Article 22

To apply for arbitration, a party shall submit to the arbitration commission the written arbitration agreement and a written application for arbitration together with copies thereof.

### Article 23

A written application for arbitration shall specify the following particulars:

1. the name, sex, age, occupation, work unit and domicile of each party, or the name and domicile of legal persons or other organizations and the names and positions of their legal representatives or chief responsible persons;
2. the arbitration claim and the facts and reasons on which it is based; and
3. the evidence, the source of the evidence and the names and domiciles of witnesses.

### Article 24

When an arbitration commission receives a written application for arbitration and considers that the application complies with the conditions for acceptance, it shall accept the application and notify the party within five days from the date of receipt. If the arbitration commission considers that the application does not comply with the conditions for acceptance, it shall inform the party in writing of its rejection of the application and explain the reasons for rejection within five days from the date of receipt.

### Article 25

After an arbitration commission accepts an application for arbitration, it shall, within the time limit specified in the rules of arbitration, deliver a copy of the rules

of arbitration and the register of arbitrators to the claimant, and serve one copy of the application for arbitration together with the rules of arbitration and the register of arbitrators on the respondent.

After receiving the copy of the application for arbitration, the respondent shall submit a written defense to the arbitration commission within the time limit specified in the rules of arbitration. After receiving the written defense, the arbitration commission shall serve a copy thereof on the claimant within the time limit specified in the rules of arbitration. Failure on the part of the respondent to submit a written defense shall not affect the progress of the arbitration proceedings.

## Article 26

If the parties have concluded an arbitration agreement and one party has instituted an action in a people's court without declaring the existence of the arbitration agreement and, after the people's court has accepted the case, the other party submits the arbitration agreement prior to the first hearing, the people's court shall dismiss the case unless the arbitration agreement is null and void. If, prior to the first hearing, the other party has not raised an objection to the people's court's acceptance of the case, he shall be deemed to have renounced the arbitration agreement and the people's court shall continue to try the case.

## Article 27

The claimant may renounce or amend its arbitration claim. The respondent may accept or refuse an arbitration claim and shall have the right to make a counter-claim.

## Article 28

A party may apply for property preservation if it may become impossible or difficult for the party to implement the award due to an act of the other party or other causes.

If a party applies for property preservation, the arbitration commission shall submit the party's application to the people's court in accordance with the relevant provisions of the Civil Procedure Law.

If an application for property preservation has been wrongfully made, the applicant shall compensate the person against whom the application has been made for any loss incurred from property preservation.

## Article 29

A party or statutory agent may appoint a lawyer or other agent to carry out arbitration activities. To appoint a lawyer or other agent to carry out arbitration activities, a power of attorney shall be submitted to the arbitration commission.

# Section 2. Formation of Arbitration Tribunal

## Article 30

An arbitration tribunal may be composed of either three arbitrators or one arbitrator. An arbitration tribunal composed of three arbitrators shall have a presiding arbitrator.

.C  0024

8

## Article 31

If the parties agree that the arbitration tribunal shall be composed of three arbitrators, they shall each appoint or entrust the chairman of the arbitration commission to appoint one arbitrator. The parties shall jointly select or jointly entrust the chairman of the arbitration commission to appoint the third arbitrator who shall be the presiding arbitrator.

If the parties agree that the arbitration tribunal shall be composed of one arbitrator, they shall jointly appoint or jointly entrust the chairman of the arbitration commission to appoint the arbitrator.

## Article 32

If the parties fail to agree on the method of formation of the arbitration tribunal or to select the arbitrators within the time limit specified in the rules of arbitration, the arbitrators shall be appointed by the chairman of the arbitration commission.

## Article 33

After the arbitration tribunal has been formed, the arbitration commission shall notify the parties in writing of the tribunal's formation.

## Article 34

In one of the following circumstances, the arbitrator must withdraw, and the parties shall also have the right to challenge the arbitrator for a withdrawal:

1. The arbitrator is a party in the case or a close relative of a party or of an agent in the case;
2. The arbitrator has a personal interest in the case;
3. The arbitrator has other relationship with a party or his agent in the case which may affect the impartiality of arbitration; or
4. The arbitrator has privately met with a party or agent or accepted an invitation to entertainment or gift from a party or agent.

## Article 35

If a party challenges an arbitrator, he shall submit his challenge, with a statement of the reasons therefore, prior to the first hearing. If the matter giving rise to the challenge became known after the first hearing, the challenge may be made before the conclusion of the final hearing of the case.

## Article 36

The decision as to whether or not the arbitrator should withdraw shall be made by the chairman of the arbitration commission. If the chairman of the arbitration commission serves as an arbitrator, the decision shall be made collectively by the arbitration commission.

## Article 37

If an arbitrator cannot perform his duties due to his withdrawal or for other

reasons, a substitute arbitrator shall be selected or appointed in accordance with this Law.

After a substitute arbitrator has been selected or appointed on account of an arbitrator's withdrawal, a party may request that the arbitration proceedings already carried out should be carried out anew. The decision as to whether to approve it or not shall be made by the arbitration tribunal. The arbitration tribunal may also make a decision of its own motion as to whether or not the arbitration proceedings already carried out should be carried out anew.

## Article 38

If an arbitrator is involved in the circumstances described in item (4) of Article 34 of this Law and the circumstances are serious or involved in the circumstances described in item (6) of Article 58 of this Law, he shall assume legal liability according to law and the arbitration commission shall remove his name from the register of arbitrators.

# Section 3. Hearing and Award

## Article 39

Arbitration shall be conducted by means of oral hearings. If the parties agree to arbitration without oral hearings, the arbitration tribunal may render an arbitration award on the basis of the written application for arbitration, the written defense and other material.

## Article 40

Arbitration shall be conducted in camera. If the parties agree to public arbitration, the arbitration may be public unless State secrets are involved.

## Article 41

The arbitration commission shall notify the parties of the date of the hearing within the time limit specified in the rules of arbitration. A party may, within the time limit specified in the rules of arbitration, request a postponement of the hearing if he has justified reasons therefor. The arbitration tribunal shall decide whether or not to postpone the hearing.

## Article 42

If the claimant fails to appear before the arbitration tribunal without justified reasons after having been notified in writing or leaves the hearing prior to its conclusion without the permission of the arbitration tribunal, he may be deemed to have withdrawn his application for arbitration.

If the respondent fails to appear before the arbitration tribunal without justified reasons after having been notified in writing or leaves the hearing prior to its conclusion without the permission of the arbitration tribunal, a default award may be made.

## Article 43

Parties shall provide evidences in support of their own arguments.

C   0026

The arbitration tribunal may, as it considers necessary, collect evidences on its own.

## Article 44

If the arbitration tribunal considers that a special issue requires appraisal, it may refer the issue for appraisal to an appraisal department agreed on by the parties or to an appraisal department designated by the arbitration tribunal.

If requested by a party or required by the arbitration tribunal, the appraisal department shall send its appraiser to attend the hearing. Subject to the permission of the arbitration tribunal, the parties may question the appraiser.

## Article 45

The evidence shall be presented during the hearings and may be examined by the parties.

## Article 46

Under circumstances where the evidence may be destroyed or lost or difficult to obtain at a later time, a party may apply for preservation of the evidence. If a party applies for preservation of the evidence, the arbitration commission shall submit his application to the basic people's court in the place where the evidence is located.

## Article 47

The parties shall have the right to carry on debate in the course of arbitration. At the end of the debate, the presiding arbitrator or the sole arbitrator shall solicit final opinions from the parties.

## Article 48

The arbitration tribunal shall make records of the hearings in writing. The parties and other participants in the arbitration shall have the right to apply for supplementation or correction of the record of their own statements if they consider that such record contains omissions or errors. If no supplementation or corrections are to be made, their application therefor shall be recorded.

The record shall be signed or sealed by the arbitrators, the recordist, the parties and other participants in the arbitration.

## Article 49

After an application for arbitration has been made, the parties may settle their dispute on their own. If the parties have reached a settlement agreement, they may request the arbitration tribunal to make an arbitration award in accordance with the settlement agreement; alternatively, they may withdraw their application for arbitration.

## Article 50

If a party repudiates the settlement agreement after the application for arbitration has been withdrawn, he may apply for arbitration again in accordance with the arbitration agreement.

## Article 51

The arbitration tribunal may carry out conciliation prior to giving an arbitration award. The arbitration tribunal shall conduct conciliation if both parties voluntarily seek conciliation. If conciliation is unsuccessful, an arbitration award shall be made promptly.

If conciliation leads to a settlement agreement, the arbitration tribunal shall make a written conciliation statement or make an arbitration award in accordance with the result of the settlement agreement. A written conciliation statement and an arbitration award shall have equal legal effect.

## Article 52

A written conciliation statement shall specify the arbitration claim and the results of the settlement agreed upon between the parties. The written conciliation statement shall be signed by the arbitrators, sealed by the arbitration commission, and then served on both parties.

The written conciliation statement shall become legally effective immediately after both parties have signed for receipt thereof.

If the written conciliation statement is repudiated by a party before he signs for receipt thereof, the arbitration tribunal shall promptly make an arbitration award.

## Article 53

The arbitration award shall be made in accordance with the opinion of the majority of the arbitrators. The opinion of the minority of the arbitrators may be entered in the record. If the arbitration tribunal is unable to form a majority opinion, the arbitration award shall be made in accordance with the opinion of the presiding arbitrator.

## Article 54

An arbitration award shall specify the arbitration claim, the facts of the dispute, the reasons for the decision, the results of the award, the allocation of arbitration fees and the date of the award. If the parties agree that they do not wish the facts of the dispute and the reasons for the decision to be specified in the arbitration award, the same may be omitted. The arbitration award shall be signed by the arbitrators and sealed by the arbitration commission. An arbitrator with dissenting opinions as to the arbitration award may sign the award or choose not to sign it.

## Article 55

In arbitration proceedings, if a part of the facts involved has already become clear, the arbitration tribunal may first make an award in respect of such part of the facts.

## Article 56

If there are literal or calculation errors in the arbitration award, or if the matters which have been decided by the arbitration tribunal are omitted in the arbitration award, the arbitration tribunal shall make due corrections or supplementation. The parties may, within 30 days from the date of receipt of the award, request the arbitration tribunal to make such corrections or supplementation.

.( 0028

## Article 57
The arbitration award shall be legally effective as of the date on which it is made.

# CHAPTER FIVE: APPLICATION FOR SETTING ASIDE ARBITRATION AWARD

## Article 58
A party may apply for setting aside an arbitration award to the intermediate people's court in the place where the arbitration commission is located if he can produce evidence which proves that the arbitration award involves one of the following circumstances:

1. There is no arbitration agreement;
2. The matters decided in the award exceed the scope of the arbitration agreement or are beyond the arbitral authority of the arbitration commission;
3. The formation of the arbitration tribunal or the arbitration procedure was not in conformity with the statutory procedure;
4. The evidence on which the award is based was forged;
5. The other party has withheld the evidence which is sufficient to affect the impartiality of the arbitration; or
6. The arbitrators have committed embezzlement, accepted bribes or done malpractices for personal benefits or perverted the law in the arbitration of the case.

The people's court shall rule to set aside the arbitration award if a collegial panel formed by the people's court verifies upon examination that the award involves one of the circumstances set forth in the preceding paragraph.

If the people's court determines that the arbitration award violates the public interest, it shall rule to set aside the award.

## Article 59
A party that wishes to apply for setting aside the arbitration award shall submit such application within six months from the date of receipt of the award.

## Article 60
The people's court shall, within two months from the date of accepting an application for setting aside an arbitration award, rule to set aside the award or to reject the application.

## Article 61
If, after accepting an application for setting aside an arbitration award, the people's court considers that the case may be re-arbitrated by the arbitration tribunal, it shall notify the tribunal that it shall re-arbitrate the case within a certain time limit and shall rule to stay the setting-aside procedure. If the arbitration tribunal

refuses to re-arbitrate the case, the people's court shall rule to resume the setting-aside procedure.

# CHAPTER SIX: ENFORCEMENT

## *Article 62*
The parties shall perform the arbitration award. If a party fails to perform the arbitration award, the other party may apply to the people's court for enforcement in accordance with the relevant provisions of the Civil Procedure Law. The people's court to which the application has been made shall enforce the award.

## *Article 63*
If the party against whom the enforcement is sought presents evidence which proves that the arbitration award involves one of the circumstances set forth in the second paragraph of Article 217 of the Civil Procedure Law, the people's court shall, after examination and verification by a collegial panel formed by the people's court, rule to disallow the award.

## *Article 64*
If one party applies for enforcement of the arbitration award and the other party applies for setting aside the arbitration award, the people's court shall rule to suspend the procedure of enforcement.

   If the people's court rules to set aside the arbitration award, it shall rule to terminate the enforcement procedure. If the people's court rules to reject the application for setting aside the arbitration award, it shall rule to resume the enforcement procedure.

# CHAPTER SEVEN: SPECIAL PROVISIONS FOR ARBITRATION INVOLVING FOREIGN ELEMENTS

## *Article 65*
The provisions of this Chapter shall apply to the arbitration of disputes arising from economic, trade, transportation and maritime activities involving a foreign element. For matters not covered in this Chapter, the other relevant provisions of this Law shall apply.

## *Article 66*
Foreign-related arbitration commissions may be organized and established by the China Chamber of International Commerce.

   A foreign-related arbitration commission shall be composed of one chairman, a certain number of vice chairmen and members.

0030

The chairman, vice chairmen and members of a foreign-related arbitration commission may be appointed by the China Chamber of International Commerce.

## Article 67
A foreign-related arbitration commission may appoint arbitrators from among foreigners with special knowledge in the fields of law, economy and trade, science and technology, etc.

## Article 68
If a party to a foreign-related arbitration applies for preservation of the evidence, the foreign-related arbitration commission shall submit his application to the intermediate people's court in the place where the evidence is located.

## Article 69
A foreign-related arbitration tribunal may enter the details of the hearing in written records or make written minutes thereof. The written minutes may be signed or sealed by the parties and other participants in the arbitration.

## Article 70
If a party presents evidence which proves that a foreign-related arbitration award involves one of the circumstances set forth in the first paragraph of Article 260 of the Civil Procedure Law, the people's court shall, after examination and verification by a collegial panel formed by the people's court, rule to set aside the award.

## Article 71
If the party against whom the enforcement is sought presents evidence which proves that the foreign-related arbitration award involves one of the circumstances set forth in the first paragraph of Article 260 of the Civil Procedure Law, the people's court shall, after examination and verification by a collegial panel formed by the people's court, rule to disallow the enforcement.

## Article 72
If a party applies for enforcement of a legally effective arbitration award made by a foreign-related arbitration commission and if the party against whom the enforcement is sought or such party's property is not within the territory of the People's Republic of China, he shall directly apply to a competent foreign court for recognition and enforcement of the award.

## Article 73
Foreign-related arbitration rules may be formulated by the China Chamber of International Commerce in accordance with this Law and the relevant provisions of the Civil Procedure Law.

# CHAPTER EIGHT: SUPPLEMENTARY PROVISIONS

## Article 74
If prescription for arbitration is provided by law, such provisions shall apply. In the absence of such provisions, the prescription for litigation shall apply to arbitration.

## Article 75
Prior to the formulation of rules of arbitration by China Arbitration Association, arbitration commissions may formulate provisional rules of arbitration in accordance with this Law and the relevant provisions of the Civil Procedure Law.

## Article 76
Parties shall pay arbitration fees according to regulations.

Measures for charging arbitration fees shall be submitted to the price control authorities for examination and approval.

## Article 77
Regulations concerning arbitration of labor disputes and agricultural contractor's contract disputes arising within the agricultural collective economic organizations shall be formulated separately.

## Article 78
If regulations governing arbitration promulgated prior to the implementation of this Law contravene the provisions of this Law, the provisions of this Law shall prevail.

## Article 79
Arbitration institutions established prior to the implementation of this Law in the municipalities directly under the Central Government, in the cities that are the seats of the people's governments of provinces or autonomous regions and in other cities divided into districts shall be reorganized in accordance with this Law. Those of such arbitration institutions that have not been reorganized shall terminate upon the end of one year from the date of the implementation of this Law.

Other arbitration institutions established prior to the implementation of this Law that do not comply with the provisions of this Law shall terminate on the date of the implementation of this Law.

## Article 80
This Law shall come into force as of September 1, 1995.

0032

# APPENDIX: RELEVENT PROVISIONS IN CIVIL PROCEDURE LAW

## Article 217

If a party fails to comply with an award of an arbitral organ established according to the law, the other party may apply for execution to the people's court which has jurisdiction over the case. The people's court applied to shall enforce the award.

If the party against whom the application is made furnishes proof that the arbitral award involves any of the following circumstances, the people's court shall, after examination and verification by a collegial panel, make a written order not to allow the enforcement:

1. the parties have had no arbitration clause in their contract, nor have subsequently reached a written agreement on arbitration;
2. the matters dealt with by the award fall outside the scope of the arbitration agreement or are matters which the arbitral organ has no power to arbitrate;
3. the composition of the arbitration tribunal or the procedure for arbitration contradicts the procedure prescribed by the law;
4. the main evidence for ascertaining the facts is insufficient;
5. there is definite error in the application of the law; or
6. the arbitrators have committed embezzlement, accepted bribes or done malpractice for personal benefits or perverted the law in the arbitration of the case.

## Article 260

A people's court shall, after examination and verification by a collegial panel of the court, make a written order not to allow the enforcement of the award rendered by an arbitral organ of the People's Republic of China handling cases involving foreign elements, if the party against whom the application for enforcement is made furnishes proof that:

1. the parties have not had an arbitration clause in the contract or have not subsequently reached a written arbitration agreement;
2. the party against whom the application for enforcement is made was not given notice for the appointment of an arbitrator or for the inception of the arbitration proceedings or was unable to present his case due to causes for which he is not responsible;
3. the composition of the arbitration tribunal or the procedure for arbitration was not in conformity with the rules of arbitration; or
4. the matters dealt with by the award fall outside the scope of the arbitration agreement or which the arbitral organ was not empowered to arbitrate.

# Appendix C

.C  0034

# 最高人民法院关于适用《中华人民共和国仲裁法》若干问题的解释

（2005 年 12 月 26 日最高人民法院审判委员会第 1375 次会议通过）

法释〔2006〕7 号

发布时间：2006-09-08

中华人民共和国最高人民法院公告

　　《最高人民法院关于适用〈中华人民共和国仲裁法〉若干问题的解释》已于 2005 年 12 月 26 日由最高人民法院审判委员会第 1375 次会议通过，现予公布，自 2006 年 9 月 8 日起施行。

二〇〇六年八月二十三日

　　根据《中华人民共和国仲裁法》和《中华人民共和国民事诉讼法》等法律规定，对人民法院审理涉及仲裁案件适用法律的若干问题作如下解释：

　　……

　　**第三条**　仲裁协议约定的仲裁机构名称不准确，但能够确定具体的仲裁机构的，应当认定选定了仲裁机构。

　　**第四条**　仲裁协议仅约定纠纷适用的仲裁规则的，视为未约定仲裁机构，但当事人达成补充协议或者按照约定的仲裁规则能够确定仲裁机构的除外。

　　**第五条**　仲裁协议约定两个以上仲裁机构的，当事人可以协议选择其中的一个仲裁机构申请仲裁；当事人不能就仲裁机构选择达成一致的，仲裁协议无效。

　　**第六条**　仲裁协议约定由某地的仲裁机构仲裁且该地仅有一个仲裁机构的，该仲裁机构视为约定的仲裁机构。该地有两个以上仲裁机构的，当事人可以协议选择其中的一个仲裁机构申请仲裁；当事人不能就仲裁机构选择达成一致的，仲裁协议无效。

　　……

　　**第十六条**　对涉外仲裁协议的效力审查，适用当事人约定的法律；当事人没有约定适用的法律但约定了仲裁地的，适用仲裁地法律；没有约定适用的法律也没有约定仲裁地或者仲裁地约定不明的，适用法院地法律。

　　……

Interpretation by the Supreme People's Court of Certain Questions Pertaining to the Application of the "Arbitration Law of the People's Republic of China"

(Passed December 26, 2005, at Session No.1375 of the Judicial Committee of the Supreme People's Court)

Fa Shi (2006) No. 7

Time of Promulgation: September 8, 2006

The Supreme People's Court of the People's Republic of China announces:

Interpretation by the Supreme People's Court of Certain Questions Pertaining to the Application of the "Arbitration Law of the People's Republic of China" was passed on December 26, 2005, by Session No.1375 of the Judicial Committee of the Supreme People's Court, is hereby declared, and will be implemented beginning September 8, 2006.

August 23, 2006

Pursuant to the provisions of the "Arbitration Law of the People's Republic of China" and the "Civil Procedure Law of the People's Republic of China" and other laws, an interpretation is given below on questions concerning the application of laws by the people's courts in hearing arbitration cases.

......

Article 3    Where the name of the arbitration institution which is stipulated in an arbitration agreement is inaccurate, but the specific arbitration institution can nevertheless be determined therefrom, the arbitration institution shall be deemed to have been selected.

Article 4    Any arbitration agreement which only stipulates the arbitration rules applicable to disputes shall not be regarded as containing any designation of an arbitration institution, except for any circumstances where the parties reach a supplementary agreement, or where the arbitration institution can be ascertained pursuant to the arbitration rules agreed to be applicable.

Article 5    Where an arbitration agreement expressly stipulates two or more arbitration institutions, the parties may reach an agreement and, by their own selection, refer their dispute to one of the arbitration institutions for arbitration. Where the parties are unable to reach any consensus on the selection of an arbitration institution, the arbitration agreement shall be considered to be invalid.

Article 6    Where an arbitration agreement stipulates that arbitration shall be conducted by an arbitration institution located at a certain locality and there is only one arbitration institution in that locality, such arbitration institution shall be the arbitration institution which is stipulated. Where there are two or more arbitration institutions, the parties may select one arbitration institution by reaching an agreement and refer their case to the arbitration institution so selected. Where the parties fail to reach any consensus on the selection of an arbitration institution, the arbitration agreement shall be considered to be invalid.

......

Article 16    Regarding the examination of the validity of any arbitration agreement involving foreign interests, the laws agreed by the parties shall be applied. Where the parties have not reached an agreement on the applicable law but have agreed on the place of arbitration, the laws of the place of arbitration shall be applied. Where neither the applicable law nor the place of arbitration has been agreed upon, or agreement on the place of arbitration is unclear, the law of the place where the court is located shall be applied.

......

# Appendix D

Case 2:07-cv-00745-JFB-WDW Document 10 Filed 04/02/07 Page 53 of 84

审判指导与研究丛书

2003年第2卷（总第5卷）

# 中国涉外商事海事审判指导与研究

Guide and Study on China's Foreign-related Commercial and Maritime Trials

主编 万鄂湘

【政策与精神】
最高人民法院
　关于我国法院审理涉外商事案件适用法律情况的通报
最高人民法院
　关于严禁随意止付信用证项下款项的通知
【案例评析】
海南恒南实业有限公司诉广州港务局新港港务公司港口作业纠纷案
【实务研究】
略论海事审判中国际公约适用的相关问题
【理论前沿】
论记名提单下的无单放货
　——兼评我国海商法第71条的规定
关于出口押汇若干问题的思考

人民法院出版社

0038

最高人民法院

# 关于益轩（泉州）轻工有限公司与台湾人瞿安勤买卖合同纠纷一案管辖异议的请示的复函

2003 年 6 月 6 日　　　　　　　　（2003）民四他字第 10 号

福建省高级人民法院：

你院（2003）闽经终字第 76 号"关于益轩（泉州）轻工有限公司与台湾人瞿安勤买卖合同纠纷一案管辖权异议的报告"收悉。经研究，答复如下：

本案当事人在合同中约定"凡有关本合同所发生的一切争议，应通过友好协商解决，如协商不成，则可在中国境内仲裁。"由于当事人约定在中国仲裁，因此，判断该仲裁条款的效力，应适用我国的相关法律。《中华人民共和国仲裁法》第十六条规定，仲裁协议中应有选定的仲裁委员会，第十八条明确规定："仲裁协议对仲裁事项或者仲裁委员会没有约定或者约定不明的，当事人可以补充协议；达不成补充协议的，仲裁协议无效。"本案当事人在合同中签订的仲裁条款没有对仲裁委员会作出约定，亦未能达成补充协议，因此，根据上述规定，该仲裁条款应认定无效。同意你院报告中关于仲裁条款无效的请示意见。

此复。

C　0039

Trial Guide and Study Series

2003 No. 2 (Vol. 5)

Guide and Study on China's Foreign-related
Commercial and Maritime Trials

Compiled by   The Fourth Civil Trial Court of the Supreme People's Court of the People's Republic of China

General Editor   Wan E'xiang

This Volume's Key Articles

(Policy and Spirit)
Supreme People's Court
          Circular on applicable laws to cases involving foreign business affairs adjudicated by our nation's courts
Supreme People's Court
          Notice that stopping payment at will of moneys entailed under a letter of credit is strictly prohibited
(Case Evaluation and Analysis)
Port Operations Dispute: Hainan Hengnan Industries Co. Ltd. sues the Guangzhou Port Authority Newport Ports
Corporation
(Practice Research)
A Brief Discussion of Questions Related to the Applicability in Trials of International Maritime Treaties
(Front Lines of Theory)
On Releasing of Cargo without the Bill When There Is a Registered Bill of Lading
      —  Evaluating Article 71 of our nation's Maritime Commerce Law
A Consideration of Certain Questions Pertaining to Export Bill Purchases

The People's Court Press

• Guide and Study on China's Foreign-related Commercial and Maritime Trials • 2003 No. 2

## The Supreme People's Court
Letter of Reply to Request for Instructions on Challenge of Jurisdiction in the Case of the Sales Contract Dispute Between Yixuan (Quanzhou) Light Industry Co. Ltd. and Ju Anqin, a Taiwanese Individual

June 6, 2003                                           (2003) Min Si Ta Zi No. 10

The High People's Court of Fujian Province:
    Your Court's (2003) Min Jing Zhong Zi No. 76 "Report on Challenge of Jurisdiction in the Case of the Sales Contract Dispute Between Yixuan (Quanzhou) Light Industry Co. Ltd. and Ju Anqin, a Taiwanese Individual" has been received and read. After study, we reply as follows:
    In their contract, the parties in this case covenanted that "All disputes that arise relating to this contract should be resolved through friendly consultation and, if consultation is unsuccessful, can be arbitrated in China." Since the parties have covenanted that arbitration is to take place in China, in determining the effectiveness of this clause, the relevant laws of this nation should apply. Article 16 of the "Arbitration Law of the People's Republic of China" provides that an arbitration committee should have been chosen in the arbitration agreement; Article 18 explicitly states: "If an arbitration agreement contains no or unclear provisions concerning the matters for arbitration or the arbitration commission, the parties may reach a supplementary agreement. If no such supplementary agreement can be reached, the arbitration agreement shall be null and void." The arbitration clause in the contract signed by the parties to this case does not establish an arbitration committee and moreover they have been unable to reach a supplementary agreement; therefore based on the abovementioned regulations, this arbitration clause should be held invalid. We agree with the opinion regarding which you requested instructions, namely the opinion in your Court's report that the arbitration clause is invalid.
    Reply made hereby.

70

# Appendix E

.C: 0042

审判指导与研究丛书

2001年第1卷（总第1卷）

# 中国涉外商事海事审判指导与研究

Guide and Study on China's Foreign-related Commercial and Maritime Trials

主编 万鄂湘

【领导讲话】

肖扬院长在全国高级法院院长座谈会上的讲话（节录）

【司法解释】

最高人民法院

　　关于海事法院受理案件范围的若干规定

最高人民法院

　　关于如何确定沿海、内河货物运输赔偿请求权时效期间问题的批复

【请示与答复】

全国海事法院院长座谈会纪要

【实务研究】

我国法院审理涉外民商事案件必须解决的三个问题

【资料与信息】

《民商事管辖权及外国判决公约》（草案）

# 最高人民法院

## 关于中化国际石油（巴哈马）有限公司诉海南
## 昌盛石油开发有限公司购销合同纠纷
## 案中仲裁协议效力问题的复函

（2000）交他字第14号

海南省高级人民法院：

你院2000年11月6日（2000）琼高法立字第55号"关于中化国际石油（巴哈马）有限公司诉海南昌盛石油开发有限公司购销合同纠纷案中仲裁协议效力的请示报告"收悉。本院经审查认为：根据1996年6月8日国办发〔1996〕22号"关于贯彻实施《中华人民共和国仲裁法》需要明确的几个问题的通知"的规定，新组建的仲裁委员会可以受理涉外仲裁案件。因此，所谓"中国相关的国际贸易仲裁机构"不能推定为就是受理涉外仲裁案件的中国国际经济贸易仲裁委员会。鉴于本案当事人对仲裁机构的约定不明确，而一方当事人已起诉至有关人民法院，表明双方当事人已不可能就仲裁机构达成补充协议。依据《中华人民共和国仲裁法》第十八条之规定，应认定本案仲裁条款无效。

此复

二○○○年十二月五日

77

·中国涉外商事海事审判指导与研究·2001年第1卷

附：

## 海南省高级人民法院
## 关于中化国际石油（巴哈马）有限公司诉海南
## 昌盛石油开发有限公司购销合同纠纷
## 案中仲裁协议效力的请示报告

（2000）琼高法立字第 55 号

最高人民法院：

海口市中级人民法院在受理原告中化国际石油（巴哈马）有限公司（住所巴哈马国拿骚市 Carefree 大街 5A 号，以下简称中化公司）诉被告海南昌盛石油开发有限公司（以下简称昌盛公司）购销合同纠纷一案时，原告中化公司未提交其与被告昌盛公司所签订的《销售合同》。海口市中级人民法院受理该案后，昌盛公司在提交答辩状期间对管辖权提出异议，并提交了前述《销售合同》。其异议的理由是，根据该合同第十五条规定，双方产生与该合同有关的分歧、争议时，应提交中国相关的国际贸易仲裁机构，根据相应的规则和程序进行仲裁。据此，昌盛公司认为海口市中级人民法院对本案没有管辖权，请求法院驳回起诉。海口市中级人民法院认为，本案仲裁条款对仲裁机构的约定不明确，无法执行，且双方当事人又未达成补充协议，故该仲裁条款无效，昌盛公司提出的管辖权异议不能成立。该院将此意见见报本院审查。

本院经审查认为，本案双方当事人所订《销售合同》第十五条约定："买卖双方在产生与该合同有关的分歧、争议时，应本着友好协商的原则共同协调解决。如果协调无效，应提交中国相关的国际贸易仲裁机构，根据相应的规则和程序进行仲裁。"该仲裁协议

78

0045

对仲裁委员会约定不明确，而双方对此又未达成补充协议，根据我国《仲裁法》第十八条之规定，本案所涉仲裁协议无效。昌盛公司对本案所提管辖权异议不能成立。

根据最高人民法院《关于人民法院处理与涉外仲裁及外国仲裁事项有关问题的通知》之规定，现将本院前述意见报请你院审查。

海南省高级人民法院
二〇〇〇年十一月六日

79

Case 2:07-cv-00745-JFB-WDW   Document 10   Filed 04/02/07   Page 62 of 84

Trial Guide and Study Series

2001 No. 1 (Vol. 1)

### Guide and Study on China's Foreign-related
Commercial and Maritime Trials

Compiled by     The Fourth Civil Trial Court of the Supreme People's Court of the People's Republic of China

General Editor     Wan E'xiang

This Volume's Key Articles
(The Leaders' Speak)
Judge Xiao Yang's Speech at the National Forum of High Court Judges (Excerpt)
(Judicial Interpretation)
The Supreme People's Court
On Certain Rules Regarding the Range of Cases Accepted and Adjudicated by Maritime Courts
The Supreme People's Court
Official Response to Questions on How to Confirm the Limitation of Time of the Right to Request
Compensation for Transportation of Cargo on Coastal and Inland Waterways
(Requests for Instructions and Replies)
Summary of Minutes of National Forum of Maritime Court Presidents
(Practice Research)
Three Problems with Civil Commercial Foreign-related Cases Adjudicated by our Nation's Courts That Must be
Resolved
(Materials and Information)
"Convention on Jurisdiction and Foreign Judgments in Civil and Commercial Matters" (Draft)

The People's Court Press

.C.   0047

Requests for Instructions and Replies

The Supreme People's Court

Letter of Reply Regarding the Question of the Effectiveness of the Arbitration Agreement in Sinochem International Petroleum (Bahama) Co. Ltd.'s Suit against Hainan Changsheng Petroleum Development Co. Ltd., a Purchase and Sale Contract Dispute Case

(2000) Jiao Ta Zi No. 14

The High People's Court of Hainan Province:

Your Court's November 6, 2000 (2000) Chiong Gao Fa Li Zi No. 55 "Report on Request for Instructions on the Effectiveness of the Arbitration Agreement in Sinochem International Petroleum (Bahama) Co. Ltd.'s Suit against Hainan Changsheng Petroleum Development Co. Ltd., a Purchase and Sale Contract Dispute Case" has been received and read. After investigation, the opinion of our Court is: Based on the provisions of the June 8, 1996, Guo Ban Fa (1996) No. 22 "Notice on Several Questions That Must Be Clarified to Carry through the Implementation of the 'Arbitration Law of the People's Republic of China'," newly established arbitration committees can adjudicate foreign-related arbitration cases. Therefore it cannot be presumed that the so-called "relevant Chinese international trade arbitration institution" is the China International Economic and Trade Arbitration Commission that adjudicates foreign-related arbitration cases. Given that what the parties in this case have covenanted regarding arbitration is unclear, and one party has brought suit in the relevant People's Court, it is clear that both parties have been unable to reach a supplementary agreement regarding an arbitration institution. In accordance with the provisions of Article 18 of the "Arbitration Law of the People's Republic of China", it should be held that the arbitration clause is invalid in this case.

Reply made hereby.

December 5, 2000

77

.( 0048

• Guide and Study on China's Foreign-related Commercial and Maritime Trials • 2001 No. 1

Attachment:

## The High People's Court of Hainan Province

Report on Request for Instructions on the Effectiveness of the Arbitration Agreement in Sino Chem International Petroleum (Bahama) Co. Ltd.'s Suit against Hainan Changsheng Petroleum Development Co. Ltd., a Sales Contract Dispute Case

### (2000) Qiong Gao Fa Li Zi No. 55

The Supreme People's Court:

The Intermediate People's Court of Haikou City when adjudicating the suit by plaintiff Sinochem International Petroleum (Bahama) Co. Ltd. (domicile: No. 5A, Carefree Avenue, Nassau, The Commonwealth of the Bahamas; hereinafter referred as "Sinochem Co.") against defendant Hainan Changsheng Petroleum Development Co. Ltd. (hereinafter referred as "Changsheng Co."), a purchase and sale contract dispute case, plaintiff Sinochem Co. did not submit the "Sales Contract" signed by and between it and defendant Changsheng Co. After the Intermediate People's Court of Haikou City accepted this case, Changsheng Co., during the period of time for submitting defense statement, raised an objection with respect to jurisdiction and submitted the abovementioned "Sales Contract". The reason for its objection was, according to Article 15 of this contract, if a disagreement or dispute related to this contract arises between the parties, it should be submitted to the relevant Chinese international trade arbitration institution to be arbitrated in accordance with the corresponding rules and procedures. Based on this, Changsheng Co. believed that the Intermediate People's Court of Haikou City did not have jurisdiction over this case and asked the court to reject the suit. The Intermediate People's Court of Haikou City felt that the arbitration clause in this case was not explicit with respect to an arbitration institution and was impossible to perform, moreover both parties had not arrived at a supplementary agreement, and therefore that this arbitration clause was invalid and the objection raised by Changsheng Co. with respect to jurisdiction was untenable. Said Court reported this opinion to be investigated by this Court.

Following investigation, this Court feels that Article 15 of the "Sales Contract" established between the two parties in this case provides that: "If a disagreement or dispute related to this contract arises between buyer and seller, it should be resolved through mutual harmonizing in line with the principle of friendly consultation; and if harmonizing is ineffective, it should be submitted to relevant Chinese international trade arbitration institution to be arbitrated in accordance with the corresponding rules and procedures." The provisions of this arbitration agreement

78

Requests for Instructions and Replies

are unclear with respect to an arbitration organization, and the two parties have not arrived at a supplementary agreement with respect to this, based on the provisions of Article 18 of our nation's "Arbitration Law," the arbitration agreement pertaining to this case is invalid. The objection raised by Changsheng Co. with respect to jurisdiction is untenable.

In accordance with the provisions of the Supreme People's Court's "Notice Regarding Several Issues in relation to the Dealing with Foreign Arbitration and Foreign-Related Arbitration Cases by People's Courts," this Court's abovementioned opinion is hereby submitted to your Court for investigation and approval.

The High People's Court of Hainan Province
November 6, 2000

79

# Appendix F

0051

总主编／肖 扬



中国审判指导丛书

2004年·第3辑（总第□辑）

## CHINA TRIAL GUIDE

# 涉外商事海事审判指导

最高人民法院民事审判第四庭 编

万鄂湘／主编

## 本辑要目

【请示与答疑】

最高人民法院关于上海岩崎照明器材有限公司与南溢发展有限公司附属机构威信企业工程公司买卖合同纠纷一案仲裁条款无效的请示的复函

【案例评析】

海南丰海粮油工业有限公司与中国人民财产保险股份有限公司海南省分公司海上货物保险合同纠纷案

——从“HAGAAR”轮的审判谈对海上运输货物保险中一切险条款的认识

【理论与实务研究】

美国、德国和澳大利亚适用公共秩序保留制度之观察

德国司法实践中的“公共政策”问题：现状与趋势

【信息与资料】

涉外仲裁司法审查研讨会会议综述

国际海事组织法律委员会第89届会议概况

0052

人民法院出版社

涉外商事海事审判指导

三、武汉市中级人民法院的意见

武汉市中级人民法院认为：该项约定属仲裁协议，但仲裁协议对仲裁机构、仲裁地点均没有约定，且无证据表明双方对此达成补充协议。根据《中华人民共和国仲裁法》第十八条的规定，应认定仲裁协议无效。

四、本院的处理意见

根据武汉市中级人民法院查明的事实，本院认为：双方在合同中约定的仲裁条款，没有约定仲裁地点、仲裁机构，现合同一方当事人提起诉讼，要求确认仲裁协议无效，证明双方已不可能就仲裁地点及仲裁机构达成补充协议。因此，根据《中华人民共和国仲裁法》第十八条的规定，确认该仲裁协议无效。

根据钧院《关于审理和执行涉外民商事案件应当注意的几个问题的通知》的规定，确认仲裁协议无效的，应报钧院批准。故特向钧院请示。

湖北省高级人民法院

2004 年 6 月 14 日

## 最高人民法院
## 关于对江森自控香港有限公司诉深圳市飞铃智能系统集成有限公司一案受理问题的请示的复函

2004 年 7 月 27 日　〔2004〕民四他字第 22 号

广东省高级人民法院：

你院〔2004〕粤高法立请字第 1 号《关于对江森自控香港有限公司诉深圳市飞铃智能系统集成有限公司一案受理问题的请示》收悉。经研究，答复如下：

同意你院的处理意见。

0053

请示与答复

本案当事人在合同中约定了仲裁条款，即"凡是因为执行合约或与合约有关事项所发生的争执，双方应协商解决。如协商不能解决时，应提交由中国涉外合同的仲裁机构评判之。仲裁决定是终局的，对双方都有约束力。"当事人没有约定认定仲裁条款效力的准据法，但约定了由"中国涉外合同的仲裁机构"仲裁，因此，应当根据中国内地法律认定本案仲裁条款的效力。而该仲裁条款仅约定"提交由中国涉外合同的仲裁机构评判之"，对仲裁机构的约定是不明确的，当事人又没有就仲裁机构重新达成协议，因此，根据《中华人民共和国仲裁法》的有关规定，应当认定该仲裁条款无效。深圳市中级人民法院作为本案被告住所地的法院，对本案享有管辖权。

此复。

附：

## 关于对江森自控香港有限公司诉深圳市
## 飞铃智能系统集成有限公司一案
## 受理问题的请示

〔2004〕粤高法立请字第 1 号

最高人民法院：

江森自控香港有限公司与深圳市飞铃智能系统集成有限公司于 1997 年 8 月 20 日签订的购销"楼宇自动监控系统"《合同法》第十条约定："凡是因为执行合约或与合约有关事项所发生的争执，双方应协商解决。如协商不能解决时，应提交由中国涉外合同的仲裁机构评判之。仲裁决定是终局的，对双方都有约束力。"双方于 1997 年 9 月 19 日签订的购销"楼宇自控及消防自动报警系统"《合同法》第十一条也约定了内容相同的仲裁条款。2003 年 11 月 10 日，江森自控香港有限公司就上述两份合同向深圳市中级人民法院提起诉讼。深圳市中级法院审查认为：上述两份购销合同中所涉仲裁条款对仲裁委员会的约定不明确，双方当事人在发生纠纷后也未就仲裁机构达成补充协议，根据《中华人民共和国仲裁法》第十六条、第十八条的规定，

Editor-in-Chief / Xiao Yang

China Trial Guide Series

2004 • No. 3 (Vol. 9)

GUIDE OF FOREIGN RELATED COMMERCIAL AND MARITIME TRIAL

Compiled by   The Fourth Civil Trial Court of the Supreme People's Court of the People's Republic of China

Key Articles in This Issue

(Requests for Instructions and Replies)
The Supreme People's Court's letter of reply to the request for instructions regarding the invalidity of the arbitration clause in the purchase contract dispute case between Shanghai Yanqi Illumination Equipment Co. Ltd. and the Weixin Enterprise Engineering Co., an affiliated organization of Nanyi Development Co. Ltd.

(Case Evaluation and Analysis)
The marine cargo insurance contract dispute case between Hainan Fenghai Grain and Oil Industry Co. Ltd. and the Hainan branch office of PICC Property and Casualty Company Limited
—     From the trial of the ship "HAGAAR"; a discussion of the understanding of the all risks clause in insurance for the marine transportation of cargo.

(Theoretical and Tangible Research)
Observing the application of systems for the preservation of public order in the United States, Germany, and Australia.

The "public policy" question in Germany's judicial practice: current conditions and trends

(Information and Materials)
Summary of symposium on the judicial investigation of foreign-related arbitration

Outline of the 89th meeting of the International Maritime Organization Legal Committee

The People's Court Press

0055

Foreign-Related Commercial and Maritime Trial Guide
[text crossed out]

The Supreme People's Court
Letter of Reply to Request for Instructions Regarding Problems of Adjudicating the Suit by the Johnson Controls (Hong Kong) Co. Ltd. against Shenzhen Feiling Intelligent System Integration Co. Ltd.

(2004) Min Si Ta Zi No. 22

July 27, 2004

The High People's Court of Guangdong Province:
    Your Court's (2004) Yue Gao Fa Li Qing Zi No. 1 "Request for Instructions Regarding Problems of Adjudicating the Suit by Johnson Controls (Hong Kong) Co. Ltd. against the Shenzhen Feiling Intelligent System Integration Co. Ltd." has been received and read. After study, we reply as follows:
    We agree with your Court's opinion regarding handling this case.

48

Requests for Instructions and Replies

There is an arbitration clause in the contract with respect to which the parties in this case agreed, namely, "All disputes arising from the performance of the contract or matters related to the contract should be resolved by consultation between the parties. If a dispute cannot be resolved through consultation, it should be submitted to and decided by a Chinese arbitration institution dealing with foreign-related contracts. The arbitration decision is final and binding on both parties." The parties did not agree on the applicable law for determining the validity of the arbitration clause, but they did agree on arbitration by a "Chinese arbitration institution dealing with foreign-related contracts." Therefore the validity of the arbitration clause in this case should be decided on the basis of Chinese law. But this arbitration clause only provides that disputes "should be submitted to and decided by a Chinese arbitration institution dealing with foreign-related contracts," and does not explicitly provide with respect to the arbitration institution. Moreover the parties have not arrived at a new agreement with respect to an arbitration institution. Therefore, in accordance with the relevant provisions of the "Arbitration Law of the People's Republic of China," this arbitration clause should be held invalid. As the court located at the defendant's domicile in this case, the Intermediate People's Court of Shenzhen has jurisdiction in this case.

Reply made hereby.

[text crossed out]

49

0057

# Appendix G

0058

总主编/肖 扬

中国审判指导丛书

## 2005年·第2辑
### （总第11辑）

CHINA TRIAL GUIDE

# 涉外商事海事审判指导

最高人民法院民事审判第四庭 编

万鄂湘/主编

## 本辑要目

【会议精神】

肖扬院长在第二次全国涉外商事海事审判工作会议上的书面讲话

全面提高涉外商事海事审判水平 为我国对外开放提供有力的司法保障

【司法文件】

最高人民法院关于审理信用证纠纷案件若干问题的规定

【请示与答复】

最高人民法院关于对海口中院不予承认和执行瑞典斯德哥尔摩商会仲裁院仲裁裁决请示的复函

【经验交流】

规范涉外司法行为 增强涉外司法能力 全面推进涉外商事审判工作

【调研报告】

中国外资金融服务的发展与涉外民商事审判

【信息与资料】

"第二次全国涉外商事海事审判工作会议"综述

人民法院出版社

0059

# 最高人民法院
# 关于确认深圳市华汉城贸易发展有限公司与
# 熊牌远东化工股份有限公司分销合同中
# 仲裁条款效力的请示的复函

2005 年 9 月 13 日　　　　　　　〔2005〕民四他字第 41 号

广东省高级人民法院：

　　你院〔2005〕粤高法民四他字第 13 号《关于确认深圳市华汉城贸易发展有限公司与熊牌远东化工股份有限公司分销合同中仲裁条款无效的请示》收悉。经研究，答复如下：

　　同意你院的请示意见。深圳市华汉城贸易发展有限公司与熊牌远东化工股份有限公司签订的《分销合同》中的仲裁条款约定："如果任何一方不能友好协商解决与协议有关的分歧或争端，包括协议执行、有效性或终止而引起的争议或分歧，双方同意依据中国国际仲裁中心现时有效的调解与调停规则将争议在中国提交仲裁，该规则应当被视为纳入协议之中。"本案系涉外合同纠纷，双方当事人未约定确定仲裁条款效力所适用的法律，但约定在中国仲裁，应当根据仲裁地即中国内地的法律来判断仲裁条款的效力。本案合同的仲裁条款虽然明确表达了仲裁意愿以及仲裁事项，但其没有约定仲裁机构。目前，当事一方深圳市华汉城贸易发展有限公司已经向人民法院提起诉讼，可以认定双方就仲裁机构无法达成补充协议，根据《中华人民共和国仲裁法》第十六条、第十八条的规定，应当认为仲裁条款无效。根据《中华人民共和国民事诉讼法》第二百四十三条的规定，深圳市中级人民法院对本案享有管辖权。

　　此复。

0060

Editor-in-Chief / Xiao Yang

China Trial Guide Series
2005 • No. 2
(Vol. 11)

CHINA TRIAL GUIDE

Foreign-Related Commercial and Maritime Trial Guide

Compiled by      The Fourth Civil Trial Court of the Supreme People's Court

General Editor / Wan E'xiang

Key Articles in This Issue

(Spirit of the Meeting)
The text of Judge Xiao Yang's address at the Second
National Foreign-related Commercial and Maritime
Trial Work Conference

Raising the Quality of Foreign-related Commercial
and Maritime Trials in Every Way  Providing
Effective Judicial Safeguards for Our Nation as it
Opens to the Outside World

(Judicial Documents)
The Supreme People's Court's Regulations
Regarding Certain Problems with Adjudicating Cases
Involving Disputes over Letters of Credit

(Requests for Instructions and Replies)
The Supreme People's Court's Letter of Reply to a
Request for Instructions Regarding the Refusal by the
Intermediate Court of Haikou to Recognize or
Implement an Arbitral Ruling by the Court of
Arbitration of Stockholm, Sweden

(Exchanging Experience)
Standard Foreign-related Judicial Behavior
Strengthening Foreign-related Judicial Capability
Advancing Foreign-related Commercial Trial Work
in Every Way

(Investigation and Research Report)
The Development of Chinese Foreign-investment
Financial Services and Foreign-related Civil and
Commercial Trials

(Information and Materials)
Synopsis of the "Second National Foreign-related
Commercial and Maritime Trial Work Conference"

The People's Court Press

0061

Foreign-related Commercial and Maritime Trial Guide

The Supreme People's Court

Letter of Reply to Request for Instructions Regarding Confirming the Validity of the Arbitration Clause in the Retail Contract Between Shenzhen Huahancheng Trade Development Co. Ltd. and Baerlocher Far East Chemical Private Limited

September 13, 2005 (2005) Min Si Ta Zi No. 41

The High People's Court of Guangdong Province:

Your Court's (2005) Yue Gao Fa Min Si Ta Zi No. 13 "Request for Instructions Regarding Confirming the Invalidity of the Arbitration Clause in the Sales Agent Contract Between Shenzhen huahancheng Trade Development Co. Ltd. and Baerlocher Far East Chemical Private Limited" has been received and read. After study, we reply as follows:

We agree with your Court's opinion respecting which you have requested instructions. The arbitration clause in the "Retail Contract" signed by and between Shenzhen huahancheng Trade Development Co. Ltd. and Baerlocher Far East Private Limited provides that: "If either party cannot resolve through friendly consultation a disagreement or dispute related to the agreement, including a dispute or disagreement in connection with the performance, effectiveness, or termination of the agreement, both parties agree to submit the dispute for arbitration in China in accordance with the current effective reconciliation and mediation rules of the China International Arbitration Center. These rules should be regarded as being incorporated into the agreement." This case is a foreign-related contract dispute. The parties did not establish which law would be applicable to determining the validity of the arbitration clause; however they did establish that arbitration would take place in China; the validity of the arbitration clause should be determined in accordance with the laws of the location of arbitration, namely those of mainland China. Although the arbitration clause in the contract in this case explicitly states an intention to apply for arbitration and the matters for arbitration, it does not provide with respect to an arbitration institution. At present, the one party Shenzhen huahancheng Trade Development Co. Ltd. has already brought suit in the People's Court, and it can be concluded that both parties have been unable to reach a supplementary agreement regarding an arbitration institution; so in accordance with the provisions of Article 16 and Article 18 of the "Arbitration Law of the People's Republic of China," the arbitration clause should be found invalid. In accordance with the provisions of Article 243 of the "Civil Procedure Law of the People's Republic of China," the Intermediate People's Court of Shenzhen has jurisdiction in this case.

Reply made hereby.

168

0062

# Appendix H

0063

总主编/肖 扬

2004年·第3辑

CHINA TRIAL GUIDE

# 涉外商事海事审判指导

最高人民法院民事审判第四庭 编

万鄂湘/主编

## 本辑要目

【请示与答复】

最高人民法院关于上海岩崎照明器材有限公司与南溢发展有限公司附属机构威信企业工程公司买卖合同纠纷一案仲裁条款无效的请示的复函

【案例评析】

海南丰海粮油工业有限公司与中国人民财产保险股份有限公司海南省分公司海上货物保险合同纠纷案

——从"HAGAAR"轮的审判谈对海上运输货物保险中一切险条款的认识

【理论与实务研究】

美国、德国和澳大利亚适用公共秩序保留制度之观察

德国司法实践中的"公共政策"问题：现状与趋势

【信息与资料】

涉外仲裁司法审查研讨会会议综述

国际海平组织法律委员会第89届会议概况

人民法院出版社

0084

# 最高人民法院

## 关于德国旭普林国际有限责任公司与无锡
## 沃可通用工程橡胶有限公司申请确认
## 仲裁协议效力一案的请示的复函

2004 年 7 月 8 日                    〔2003〕民四他字第 23 号

江苏省高级人民法院：

你院〔2003〕苏民三立他字第 006 号《关于德国旭普林国际有限责任公司与无锡沃可通用工程橡胶有限公司申请确认仲裁协议效力一案的请示》收悉。经研究，答复如下：

同意你院倾向性意见。本案当事人在合同中约定了仲裁条款 "Arbitration：ICC Rules，Shanghai shall apply"。在当事人没有约定确认仲裁条款效力准据法的情况下，根据确认仲裁条款效力准据法的一般原则，应当按照仲裁地的法律予以认定，即本案应当根据我国法律确认所涉仲裁条款的效力。

根据我国仲裁法的有关规定，有效的仲裁条款应当同时具备仲裁的意思表示、仲裁的事项和明确的仲裁机构三个方面的内容。本案所涉仲裁条款从字面上看，虽然有明确的仲裁的意思表示、仲裁规则和仲裁地点，但并没有明确指出仲裁机构。因此，应当认定该仲裁条款无效。

此复。

36

Editor-in-Chief / Xiao Yang

China Trial Guide Series
2004 • No. 3 (Vol. 9)

CHINA TRIAL GUIDE

Foreign-Related Commercial and Maritime Trial Guide

Compiled by    The Fourth Civil Trial Court of the Supreme People's Court

General Editor / Wan E'xiang

Key Articles in This Issue

(Requests for Instructions and Replies)
The Supreme People's Court's letter of reply to the
request for instructions regarding the invalidity of the
arbitration clause in the purchase contract dispute
case between Shanghai Yanqi Illumination
Equipment Co. Ltd. and the Weixin Enterprise
Engineering Co., an affiliated organization of Nanyi
Development Co. Ltd.

(Case Evaluation and Analysis)
The marine cargo insurance contract dispute case
between Hainan Fenghai Grain and Oil Industry Co.
Ltd. and the Hainan branch office of PICC Property
and Casualty Company Limited
--- From the trial of the ship "HAGAAR"; a
discussion of the understanding of the all risks clause
in insurance for the marine transportation of cargo.

(Theoretical and Tangible Research)
Observing the application of systems for the
preservation of public order in the United States,
Germany, and Australia.

The "public policy" question in Germany's judicial
practice: current conditions and trends

(Information and Materials)
Summary of symposium on the judicial investigation
of foreign-related arbitration

Outline of the 89th meeting of the International
Maritime Organization Legal Committee

The People's Court Press

Foreign-related Commercial and Maritime Trial Guide

The Supreme People's Court

Letter of Reply to Request for Instructions Regarding Application for Confirmation of the Validity of the Arbitration Agreement between Züblin International GmbH of Germany and Wuxi Woke General Engineering Rubber Co. Ltd.

July 8, 2004                                                   (2003) Min Si Ta Zi No. 23

The High Court of Jiangsu Province:

Your Court's (2003) Su Min San Li Ta Zi No. 006 "Request for Instructions Regarding Application for Confirmation of the Validity of the Arbitration Agreement between Züblin International GmbH of Germany and Wuxi Woke General Engineering Rubber Co. Ltd." has been received and read. After study, we reply as follows:

We agree with your Court's tendentious opinion.

In the contract, the parties in this case agreed to the arbitration clause "Arbitration: ICC Rules, Shanghai, shall apply." Given that the parties have not agreed on applicable laws to confirm the validity of the arbitration clause, in accordance with the general principle of applicable laws for confirming the validity of arbitration clauses, finding should be made in accordance with the laws of the location of arbitration, that is, the validity of the arbitration clause concerned in this case should be confirmed in accordance with our nation's laws.

In accordance with the relevant provisions of our nation's Arbitration Law, valid arbitration clauses must simultaneously contain three things: the expression of an intention to apply for arbitration, the matters for arbitration, and a designated arbitration institution. Considering the literal meaning of the arbitration clause concerned in this case, although the expression of intention to apply for arbitration, arbitration rules, and arbitration location are explicitly given, yet however an arbitration institution is not indicated explicitly. Therefore the arbitration clause should be held invalid.

Reply made hereby.

36

# Appendix I

.( 0068

## Table of Authorities

1. *Yiwu Shangcheng Hotel v. Hong Kong Hongsheng Trade Corp.*, Fa Han (1996) No. 141 (9 September 1996)

2. *Shaowu Shuibei Economic Association Corporation v. Hong Kong Shenglong Knitting Factory*, (1996) Jing Ta Zi No. 27 (3 November 1996)

3. *Zhu guohui v. Yiwu Import & Export Corp.*, Fa Han (1997) No.36 (19 March 1997)

4. *Sinochem International Oil (Bahamas) Co., Ltd. v. Hainan Changsheng Oil Development Co., Ltd.*, (2000) Jiao Ta Zi No.14 (5 December 2000)

5. *Yixuan (Quanzhou) Light Inustry Co., Ltd. v. Ju Anqin*, (2003) Min Si Ta Zi No. 10 (6 June 2003)

6. *Shanghai IWASAKI Illumination Equipment Co., Ltd. v. Weixin Enterprise Engineering Co., Ltd., a Subsidiary of Nanyi Development Co., Ltd.*, (2004) Min Si Ta Zi No.7 (25 May 2004)

7. *Davis-Standard LLC. v. Ningbo Xiecheng Electircals & Wires Co., Ltd.*, (2004) Min Si Ta Zi No.13 (25 June 2004)

8. *Züblin International Gmbh v. Wuxi Woke General Engineering Rubber Co., Ltd.*, (2003) Min Si Ta Zi No.23 (8 July 2004)

9. *Johnson Controls (Hong Kong) Co., Ltd. v. Shenzhen Feiling Intelligence System Integration Co., Ltd.*, (2004) Min Si Ta Zi No.22 (27 July 2004)

10. *Japan Shuangye Garment Co., Ltd. v. Kozen Dress Co., Ltd.*, (2004) Min Si Ta Zi No.30 (8 September 2004)

11. *Hangzhou Top Leader Textile Co., Ltd. v. Forward Machinery Industrial Corp.*, (2005) Min Si Ta Zi No.52 (1 September 2005)

12. *Shenzhen Huahancheng Trade Development Co., Ltd. v. Baerlocher Far East Chemical Private Limited*, (2005) Min Si Ta Zi No.41 (13 September 2005)